Commonwealth, Appellant, *v.* Keystone Benefit Association.

*Constitutional law—Title of act—Beneficial association—Act of May 23, 1891.*

The act of May 23, 1891, P. L. 107, entitled " An act to authorize and empower certain corporations incorporated under an act entitled ' an Act to provide for the incorporation and regulation of certain corporations,' approved the twenty-ninth day of April, Anno Domini one thousand eight hundred and seventy-four, to pay money or benefits to members in the

event of their sickness, accident, disability or death, or in the event of any or all such contingencies," and giving certain corporations the right to issue death benefit certificates to their members, has its purpose sufficiently expressed in its title, and it is constitutional.

It is not necessary that the title shall give notice of all the indirect and incidental effects of the act; all that is necessary is that the title shall clearly express the subject of the act.

*Beneficial associations—Life insurance—Act of May 23, 1891.*

Under the act of May 23, 1891, P. L. 107, a beneficial association which does not operate through the lodge system, and which is not formed for the benefit of the employees of a corporation or firm, or for the exclusive benefit of any religious body, may make contracts with its members to pay a sum not exceeding two hundred and fifty dollars in the event of death.

It seems that beneficial associations issuing death benefit certificates which are in effect an insurance of the lives of their members, are under the supervising control of the insurance department of the state.

Query, whether infants two years old can be members of a beneficial association.

Argued June 3, 1895.    Appeal, No. 12, May T., 1895, by plaintiff, from judgment of C. P. Dauphin Co., March T., 1894, No. 7, on quo warranto in favor of defendant.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Quo warranto to show cause why defendant's business should not be closed.    Before McPHERSON, J.

From the record it appeared that the Keystone Benefit Association was chartered by a decree of the court of common pleas of Beaver county, Pa., February 1, 1892, under the act of May 23, 1891, P. L. 107, which is supplementary to the corporation act of April 22, 1874.    This act is as follows:

"An act to authorize and empower certain corporations incorporated under an act entitled 'An act to provide for the incorporation and regulation of certain corporations,' approved the twenty-ninth day of April, Anno Domini one thousand eight hundred and seventy-four, to pay money or benefits to members in the event of their sickness, accident, disability or death, or in the event of any or all such contingencies.

"Section 1. Be it enacted, etc., That it shall be lawful for any corporation incorporated under the provisions of the ninth paragraph of section two of an act, entitled 'An act to provide for the incorporation and regulation of certain corporations,'

approved the twenty-ninth day of April, Anno Domini one thousand eight hundred and seventy-four, namely, 'The maintenance of a society for beneficial or protective purposes to its members from funds collected therein,' to pay, and to enter into contracts to pay, to each member thereof, money or benefits not exceeding ten dollars per week in the event of sickness, accident or disability, or to pay not exceeding the sum of two hundred and fifty dollars in the event of death, or to pay money or benefits in the event of any or all of such contingencies: Provided, That the provisions of this act shall not apply to fraternal, benevolent, charitable or secret societies issuing beneficiary certificates, or paying benefits to their membership through the lodge system, or to insurance or relief associations formed by or for the exclusive benefit of employees of corporations or firms, or formed by or for the exclusive benefit of members of any religious corporation or association, but shall only apply to companies employing agents and doing a general public insurance business."

Defendant's place of business was 917 Seventh avenue, Beaver Falls, Pa.

Under its charter it issued policies of insurance, called death benefit certificates, to an amount not exceeding two hundred and fifty dollars, and claimed its authority for issuing the same under the said act of May 3, 1891. It claimed to be a society organized for beneficial or protective purposes, and by its constitution and by-laws its membership was made up of "persons in good health and repute between the ages of two and sixty years."

Upon complaint of the insurance commissioner by letter that this association was doing an insurance business without authority of law, the attorney general filed a suggestion for a writ of quo warranto against it which was granted by the court. Upon demurrer, it was contended by the commonwealth that the defendant company was doing an insurance business in violation of the act of assembly creating the insurance department; that the act of May 23, 1891, is unconstitutional and void, as the purposes of the act were not set forth in its title, and that it was a species of class legislation, vicious in its character, and should be discouraged.

McPHERSON, J., filed the following opinion:

This case comes before us upon a demurrer to the defendant's answer, and the only question raised is this: Does the act of May 23, 1891, P. L. 107, authorize the defendant to agree with its members to pay a sum of money not exceeding $250 in the event of death?

The defendant is an association chartered under the ninth paragraph of section 2 of the corporation act of 1874, under which corporations may be formed for " the maintenance of a society for beneficial or protective purposes to its members from funds collected therein." The question has been much disputed whether such a corporation has the power to agree with its members to pay to their representatives or their designated beneficiaries a specified sum of money in the event of death; the objection to the existence of the power being that such an agreement is essentially a contract of life insurance, and therefore beyond the power of a beneficial association or of any other association except a life insurance company incorporated either under a special statute or under the general insurance laws of the state. The difference between a beneficial society strictly so called and a life insurance company strictly so called is not difficult to state, and the distinction has been drawn by Mr. Justice CLARK in Commonwealth v. Beneficial Association, 137 Pa. 412, in language which was afterwards approved in Masonic Aid Association v. Jones, 154 Pa. 99, and in Dickinson v. Ancient Order of United Workmen, 159 Pa. 258. (See also Johnson v. R. R., 163 Pa. 127.) But even after the application of the proper test (whatever that might be), and after it might be thus decided that a particular corporation was a beneficial association, the disputed question above stated would still remain, and it would still be doubtful whether such an association has the power to make a contract which is in effect a contract of life insurance, or whether contracts of life insurance could only be made by companies holding a special charter or by companies incorporated under the general insurance laws.

The point was decided by this court in a case reported in a note to page 414 of 137 Pa., and we there held that a contract like that now before us was a contract of life insurance. This decision was made in February, 1889, and the case to which it is appended as a note, and which was taken to the Supreme

Court in order to have a similar ruling reviewed by that tribunal, was finally decided in February of the following year. For reasons which are stated in the opinion, the Supreme Court did not decide the point, and the dispute remained undetermined. Upon the meeting of the next legislature, therefore, that body undertook to end the controversy, and on May 23, 1891, passed the act above referred to. Accordingly, this statute provides that it shall be lawful for any corporation, formed under the corporation act of 1874 for the purpose of maintaining a society for beneficial or protective purposes to its members from funds collected therein, " to pay and to enter into contracts to pay to each member thereof money or benefits not exceeding ten dollars per week in the event of sickness, accident or disability, or to pay not exceeding the sum of two hundred and fifty dollars in the event of death, or to pay money or benefits in the event of any or all such contingencies."

Thus far the act is perfectly plain, and if the section had ended there the present question would hardly have arisen ; but this proviso follows : " Provided that the provisions of this act shall not apply to fraternal, benevolent, charitable or secret societies issuing beneficiary certificates or paying benefits to their membership through the lodge system, or to insurance or relief ·associations formed by or for the exclusive benefit of employees of corporations or firms or formed by or for the exclusive benefit of members of any religious corporation or association, but shall only apply to companies employing agents *and doing a general public insurance business."* The clause in italics has given rise to this controversy, and it certainly presents a case of some difficulty. The defendant disclaims the power to do, and denies that it does, a general public insurance business, alleging that it was incorporated in 1892 for the sole purpose above specified in the act of 1874, namely : the maintenance of a society for beneficial or protective purposes. If then the act of 1891 confers the privilege therein described only upon companies doing a general public insurance business, and if the defendant is not doing this kind of business, it has apparently not received that privilege, and is entering into contracts which are plainly insurance contracts and are therefore beyond its power. To avoid this conclusion, it takes the position that the last clause of the proviso is repugnant to the body of the act,

and therefore must be declared void; citing in support of this well known principle Dugan v. Bridge Co., 27 Pa. 309, and West Branch Boom Co. v. Lumber & Land Co., 121 Pa. 159.

But we do not consider it necessary to apply this principle. We think the proviso can be properly construed so as to give it a meaning which is not at all repugnant to the body of the act. In our opinion the clause under consideration uses the phrase, " a general public insurance business," in a loose and popular sense, intending to describe the very business which the defendant is now doing, and which is being done, or at least was then being done, very generally throughout the state. That it was life insurance for small sums can hardly be successfully denied, and in our opinion the language of the proviso recognizes this to be true and refers to companies like the defendant who were notoriously offering this kind of insurance to the general public. The proviso is careful to state that the act is not to apply to societies which operate through the lodge system, or to societies formed for the benefit of members or employees of corporations or firms; and then, for greater certainty and in order that there may be no doubt about the single class to which the privilege in the act is offered, goes on to state affirmatively that it shall only apply to those companies which offer their benefits through agents to the general public. It seems to us that such companies (although professing to be beneficial associations simply) are properly described as companies " employing agents and doing a general public insurance business," and they are thus clearly distinguished from other beneficial associations which confine their benefits to a restricted class or order or group of individuals. Taken in this sense, there is no repugnance between the proviso and the body of the act, and as the language will readily bear this construction we are bound to adopt it.

We are therefore of opinion that the act of 1891 has conferred upon a company such as the defendant, which employs agents, and through its agents offers its benefits to the general public without restriction, the power to make contracts with its members to pay a sum not exceeding two hundred and fifty dollars in the event of death. In other words, the legislature allows this class of companies to conduct the business of life insurance, provided the sum insured is not greater than two hundred and fifty dollars.

We direct judgment to be entered in favor of the defendant upon the demurrer.

*Error assigned* was judgment for defendant on demurrer.

*J. A. Stranahan, John P. Elkin,* deputy attorney general, and *Henry C. McCormick,* attorney general, with him, for appellant. —The proviso makes the act inapplicable to all societies for fraternal, benevolent, charitable, etc., purposes. In the proviso the purpose of the bill begins to uncoil itself. It does not come within the provision of the act of 1874 at all. It is outside of it altogether and the concluding portion of the proviso states that it "shall only apply to companies employing agents and doing a general public insurance business." What this clause means it is difficult to determine. How it can stand under the title and previous part of the bill is more difficult to understand, and it is an absolute impossibility to reconcile it with the bill itself.

It may be contended, however, and doubtless will, that the proviso to this bill is so repugnant to the bill itself that it is inoperative and invalid, under the authority of Dugan v. The Bridge Co., 27 Pa. 303; and West Branch Boom Co. v. Lumber & Land Co., 121 Pa. 143. But if the proviso be inoperative and invalid, that does not change the bill or its title or the business the association is trying to do under the bill. Whichever horn of the dilemma is taken, the insurance character of the business remains.

The act of May 23, 1891, is unconstitutional, inoperative and void: Com. v. Samuels, 163 Pa. 283.

The act of May 23, 1891, is a dangerous piece of class legislation.

*Robert Snodgrass, Eugene Snyder* with him, for appellee.— The act of 1891 is constitutional: Attorney General v. Samuels, 163 Pa. 283; Allegheny County Home's Case, 77 Pa. 77.

It is a cardinal rule of construction that full effect shall, if possible, be given to all parts of a statute. Seemingly repugnant or inconsistent provisions are to be harmonized if the language will admit of it.

The inconsistency, if it exists at all, lies in the proviso, and

in such case it is well settled that the proviso must fall rather than the act itself: Dugan v. Bridge Co., 27 Pa. 303; West Branch Boom Co. v. Lumber & Land Co., 121 Pa. 143.

OPINION BY MR. JUSTICE MITCHELL, October 7, 1895:

The proviso to the act of 1891 certainly presents a very difficult question, as the final clause appears to restrict the operation of the act to a class of corporations, to wit, insurance companies, which are not included within the enacting part of the act itself. It would not follow however that the act would be void because of a repugnancy between its affirmative body and a restrictive proviso, but it is not necessary to consider the case in this aspect, as there is a fair construction which avoids the apparent repugnancy. This is so lucidly and convincingly stated by the learned judge below that we are content to affirm the judgment on his opinion.

It may be well however to notice the argument made for the commonwealth in this court, on the constitutionality of the act of 1891. This rests upon the view that the real purpose of the act was to take certain insurance business out of the control of the Insurance Department, and that this purpose is not disclosed by the title. The body of the act is an affirmative grant to certain corporations of the power to make contracts with their members to pay money or benefits in the contingencies of sickness, accident, disability or death. Whatever may have been the motive behind the act, this is the whole of its legislative object, and this is expressed fully and in very explicit terms in the title. The business is beyond question an insurance business, and the weight of the commonwealth's argument is that the act is a loosely defined, ill guarded and dangerous departure from the previous policy of the state, and a breaking down of the proper barriers between genuine beneficial associations and insurance companies, which will subject the class least able to protect themselves to the risks of bad management and fraud for the prevention of which the Insurance Department was established and hitherto has been rigidly sustained. But whatever we might think on this subject as a matter of public policy or wisdom the legislative grant is clear, and it is not for us to defeat it.

The fact that the grant of limited insurance powers to these

companies may divide the insurance business and release a portion of it from the control of the Insurance Department would not render the act invalid.   There is no constitutional requirement that acts of general legislation shall give notice of all their indirect effects on existing law; nor would such a restriction be practicable.   The fabric of modern law is too complicated, and the displacement of any part of it too far-reaching, for its entire effect to be foreseen by any legislator.   The constitution requires that the title of an act shall clearly express its subject. That is notice to some extent of its direct effect, and that is as far as it is practicable to go, the indirect and incidental effects cannot be foreseen or announced, but must be left for development by the clash of opposing interests in the field of litigation.

But it does not appear that the result deprecated by the commonwealth will follow.   On the contrary, the presumption is that the control of the Insurance Department will attach to these corporations.   The department was established for the general supervision of the whole business of insurance in this state, and to that end was given very large powers of visitation and examination into the assets, solvency, business methods etc. of all insurance companies and agents.   When a new class of companies is authorized to do insurance business they would naturally come at once under the supervising control of the department, and be subject to all of its regulations which are practicable to apply to their circumstances.

The case being submitted to the court below on demurrer the judgment properly took no notice of the details of the business actually conducted by the appellee.   A question of some importance which suggests itself in this regard is the membership of infants.   The constitution and by-laws provide for membership by persons between two and sixty years of age.   Infants cannot make the contract of membership for themselves, and it is not clear how the parents can make it for them, and as the statute only authorizes insurance of members, not of other persons in whom members may have an insurable interest, the legality of this branch of the business would seem to be open to question.   On this however we do not pass.   It was not raised or argued and we only refer to it now to make this fact clear.

Judgment affirmed.