## Campbell v. Krautheim.

*Justice of the peace — Trespass — Trespass on the case — Consequential damages—Jurisdiction of justices and magistrates—Enlargement of jurisdiction by Act of June 14, 1923—Constitutional law—Title of act—Negligence in operation of automobiles—Appeals.*

1. The jurisdiction of justices of the peace and magistrates has been enlarged by the Act of June 16, 1923, § 30, P. L. 718, so as to include actions for indirect or consequential damages due to the negligent operation of automobiles by employees of owners.

2. The words "all civil actions for damages arising from the use and operation of any motor-vehicles," as used in the Act of 1923, mean all civil actions, whether the automobile of the defendant was operated by himself or an employee.

3. The legislature has the constitutional power to enlarge such jurisdiction in the exercise of its authority "to part and divide the judicial powers of the State so as to adapt them to its growth and change of circumstances."

4. The Act of June 14, 1923, P. L. 718, sufficiently indicates in its title the provisions of section 30 enlarging the ·jurisdiction of justices of the peace and magistrates as to civil actions for damages arising from the use and operation of motor-vehicles.

5. The act is, therefore, not unconstitutional from any defect of title from failure to indicate such change of the law.

6. If a justice of the peace or a magistrate is without jurisdiction, the court is without jurisdiction on appeal, for entry of an appeal does not waive the right to object to the jurisdiction.

Questions of law raised by affidavit of defence. Municipal Court, Phila. Co., Jan. T., 1924, No. 1323.

*William H. Miller*, for plaintiff; *Swartz & Campbell*, for defendant.

LEWIS, J., June 19, 1924.—The plaintiff in this case obtained a judgment before a magistrate for damages to his automobile, due to a collision with a motor-car operated by an employee of the defendant. After the defendant had appealed to this court and the plaintiff duly filed his statement of claim, the defendant, by an affidavit of defence, raised the question of law that the action "was improperly brought in a magistrate's court, in that a magistrate has no jurisdiction over an action for damages based upon the negligence of a person employed by the defendant, otherwise known as an action of trespass on the case."

The law is well settled that the action of trespass over which justices of the peace were given jurisdiction by the Act of March 22, 1814, 6 Sm. Laws, 182, was the action of trespass *vi et armis*, and that, although the Act of May 25, 1887, P. L. 271, abolished the distinction between trespass *vi et armis* and trespass on the case as to procedure, and directed that both actions should thereafter be brought in trespass, the legislature did not thereby enlarge the jurisdiction of a justice or a magistrate so as to include those actions for indirect or consequential damages, which before the Practice Act of 1887

would have been recoverable only in an action on the case: Sprout v. Kirk, 80 Pa. Superior Ct. 514 (1923); Printing House v. Chachkin, 14 Dist. R. 77; Conaghan v. Rudolph & Myers, 6 Dist. R. 225. It has, therefore, been held that "a justice of the peace does not have jurisdiction of an action to recover damages resulting from the negligent driving of a motor-truck driven by the defendant's employee, where it is not shown that the particular act resulting in the damage was done by the defendant's command or with his assent:" Wildasin v. Martin-Parry Co., 2 D. & C. 173 (1923).

It is equally well settled that if the magistrate is without jurisdiction, our court is without jurisdiction on appeal, for entry of an appeal does not waive the right to object to the jurisdiction: Wildasin v. Martin-Parry Co., 2 D. & C. 173 (1923); Gates v. Bloom, 149 Pa. 107 (1892); Hill v. Tionesta Township, 129 Pa. 525 (1889); Conaghan v. Rudolph & Myers, 6 Dist. R. 225.

The plaintiff, however, contends that the law has been changed. in this respect, and the jurisdiction of magistrates, enlarged by section 30 of the Act of June 14, 1923, P. L. 718, which is entitled "To amend an Act, approved the 30th day of June, one thousand nine hundred and nineteen (P. L. 678), entitled 'An Act relating to and regulating the use and operation of motor-vehicles and vehicles propelled by, or trailing after, motor-vehicles; requiring the registration of the same, and the licensing of all operators thereof; providing the fees therefor and disposition of such fees; prohibiting the unauthorized use of, and tampering with, motor-vehicles; limiting and defining the powers of cities, boroughs, incorporated towns, townships and counties as to the regulation of the use and equipment of motor-vehicles, and the taxing, registration or licensing thereof; imposing certain duties on the State Highway Commissioner and on proprietors of public garages; providing procedure and penalties for violations thereof, and the disposition of fines collected, *and regulating the service of process and proceedings in actions for damages arising from the use of any motor-vehicle,*' as amended, by further regulating the use of registration plates, prescribing fees for omnibuses and changing other existing fees; changing the date for the licensing year; limiting the weights of certain trailers; providing for the examination of operators; authorizing the State Highway Commissioner to publish and sell lists of registrations; authorizing municipalities to enact certain ordinances; making an appropriation for refunding moneys, and providing penalties; and repealing section 17 of said act."

Section 30 of the act reads as follows: "That section 36 of said act (The Act of June 30, 1919) is hereby amended to read as follows: 'All civil actions for damages arising from the use and operation of any motor-vehicle may, at the discretion of the plaintiff, be brought before any alderman, magistrate or justice of the peace in the county where the alleged damages were sustained, if the plaintiff has had said damages repaired, and shall produce a receipted bill for the same properly sworn to by the party making such repairs or his agent, or said action may be brought in the Court of Common Pleas of said county, and service of process, in either case, may be made by the sheriff of the county where the suit is brought, deputizing the sheriff of the county wherein the defendant or his registered agent resides, or where service may be had upon him under the existing laws of this Commonwealth, in like manner as process may now be served in the county; provided, that no action involving more than one hundred ($100) dollars shall be brought before an alderman, magistrate or justice of the peace.' "

Counsel have raised the questions whether the legislature intended, by the language used in section 30, to enlarge the jurisdiction of magistrates, alder-

men and justices of the peace to actions of trespass on the case for damages arising from the use and operation of motor-vehicles; and, secondly, whether if it did so intend, the Act of June 14, 1923, would not be, *pro tanto*, unconstitutional for want of sufficient reference thereto in the title of the act.

As to the first point, we find no difficulty in holding that when the legislature said "all civil actions for damages arising from the use and operation of any motor-vehicle," it meant all civil actions, whether the automobile of the defendant was operated by himself or by an employee. The considerations of convenience and of justice which may have moved the legislature to abolish the technical distinctions in suits before magistrates or justices of the peace, and which have long since outlived their value, are not far to seek. In many cases when damage is caused by a motor-car, an action before a magistrate may and should recommend itself to the injured party as the most expeditious method of obtaining compensation for his damages, when the amount involved is less than a hundred dollars.

If the legislature did intend to enlarge the jurisdiction of magistrates, justices of the peace and aldermen in this respect, and we believe it did, it clearly has the power under the Constitution so to do, under its authority "to part and divide the judicial powers of the State so as to adapt them to its growth and change of circumstance:" Com. v. Hopkins, 53 Pa. Superior Ct. 16 (1913); Scott v. Scott, 80 Pa. Superior Ct. 141 (1923); Gerlach v. Moore, 243 Pa. 603 (1914).

Article III, section 3, of the Constitution of Pennsylvania (1 Purd. Dig., 144) provides: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in the title." Lines 16, 17 and 18 of the title of the Act of June 14, 1923, read, . . . "and regulating the service of process and proceedings in actions for damages arising from the use of any motor-vehicle. . . ."

We are of the opinion that this reference sufficiently describes the section now in controversy. It is well settled that the title need not be an index of the contents of an act. All that is necessary is that it shall give reasonably clear notice of the matter to be found in it: Com. v. Dickert, 195 Pa. 234 (1920); Com. v. Caulfield, 211 Pa. 644 (1905).

"The purpose of the amendment is to prevent a number of different and unconnected subjects from being gathered into one act, and thus to prevent unwise or injurious legislation by a combination of interests. Another purpose was to give information to the members or others interested, by the title of the bill, of the contemplated legislation, and thereby to prevent the passage of unknown and alien subjects which might be coiled up in the folds of the bill. The amendment was found necessary to correct the evils of unwise, improvident and corrupt legislation, and, therefore, is to receive an interpretation to effectuate its true purpose. It would not do to require the title to be a complete index to the contents of the bill, for this would make legislation too difficult and bring it into constant danger of being declared void:" White, Constitution of Pennsylvania, 223.

So in Com. v. Dickert, 195 Pa. 234 (1900), the opinion in Allegheny County Home's Case, 77 Pa. 77 (1874), was quoted with approval by Judge Edwards. "The course of decision in this court has been intended to carry out the true intent of the Amendment of 1864 as to the title and subject of bills, instead of resorting to sharp criticism, which must often bring legislation to naught. The Amendment of 1864 was in substance proposed in the constitutional convention of 1837-1838, and rejected because it was feared it would render legislation too difficult and uncertain and lead to litigation. It will not do, there-

Campbell *v*. Krautheim.

fore, to impale the legislature of the State upon the sharp points of criticism, but we must give each title, as it comes before us, a reasonable interpretation, *ut res magis valeat quam pereat*. If the title fairly gives notice of the subject of the act so as reasonably to lead to an inquiry into the body of the bill, it is all that is necessary. It need not be an index to the contents, as has often been said."

It is true that the act does indirectly by its effect change the existing law as to jurisdiction of magistrates without mentioning magistrates in its title; but this is not fatal. "There is no constitutional requirement that acts of general legislation shall give notice of all their indirect effects on existing law; nor would such a restriction be practicable. The fabric of modern law is too complicated, and the displacement of any part of it too far-reaching, for its entire effect to be foreseen by any legislator. The Constitution requires that the title of an act shall clearly express its subject. That is notice to some extent of its direct effect, and that is as far as it is practicable to go. The indirect and incidental effects cannot be foreseen or announced, but must be left for development by the clash of opposing interests in the field of litigation:" Com. *v*. Keystone Benefit Ass'n, 171 Pa. 465, 473 (1895).

In view of the foregoing, we are clearly of the opinion that the question of law raised in the affidavit of defence must be determined against the defendant. Defendant is given leave to file an affidavit of defence to the averments of fact in the statement of claim within fifteen days hereof.