## Helmbold v. Independent Order of Puritans, Appellant.

*Insurance—Life insurance—Attaching by-laws to policy—Insanity—Act of May 11, 1881, P. L. 20.*

Where a beneficial association issues a straight policy of life insurance it cannot set up as a defense to the payment of the policy, the fact the insured was insane at the time the policy was taken out, and that the by-laws of the association required that a member be sound in mind and body, if it appears that the by-laws were not attached to the policy as required by the Act of May 11, 1881, P. L. 20.

In such a case the association after having paid an annuity to the widow of the insured for four years, cannot allege as a ground for stopping further payments that the mental condition of the insured had not been disclosed to the company, if it appears that at the time the policy was issued there was no request for representation, declarations, warranties or medical examination on the part of the insurer, and this is especially so, if it appears that the proofs of death showed that the insured had died of paresis in an insane asylum only a few months after the policy was issued.

Argued April 15, 1915.  Appeal, No. 91, April T., 1915, by defendant from judgment of C. P. Allegheny Co., Aug. T., 1910, No. 196, on verdict for plaintiff in case of Cora V. Helmbold v. Independent Order of Puritans.   Before RICE, P. J., ORLADY, HEAD, HENDERSON, and TREXLER, JJ.   Affirmed.

Assumpsit on a policy of life insurance.   Before BROWN, J.

The facts are stated in the opinion of the Superior Court.

At the trial the court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $1,059.03. Defendant appealed.

*Error assigned,* amongst others, was in refusing binding instructions for defendant.

*J. Rodgers McCreery,* for appellant.

*H. B. Wassell,* of *Ache & Wassell,* for appellee.

OPINION BY TREXLER, J., October 11, 1915:

The defendant issued an insurance policy dated May 6, 1903, on the life of Charles D. Helmbold, in which policy Cora V. Helmbold was the beneficiary. The insured died September 13, 1903, and in the proofs of death, filed September 30, 1903, it was stated that the cause of his death was paresis, the duration of his illness eight months, and the place of treatment the Columbus State Hospital. The proofs of death were accepted by the company and the beneficiary received $40.00 per month as prescribed by the policy until October, 1908, a period of four years, when the payments were stopped by the company. Upon her bringing her action, the defendant claimed that it was not liable under the policy because at the time the policy was issued the insured was insane; that this fact, not being disclosed to the company, was a fraud upon it and that therefore the company was liable to pay nothing under the policy; that the insured not being in possession of his faculties could make no valid contract of insurance.

It will be noticed that the contract between the parties was an insurance policy. We know of no rule of law which forbids an insurance company issuing a policy upon the life of one who is insane. As long as some

one is willing to pay the premium and the company is willing to receive it and to issue the policy, the contract is legal provided the party paying the premiums has an insurable interest in the life of the insured.    The defendant, however, contends that the Independent Order of Puritans requires a member to be sound in mind and body.    As the policy, as stated before, is purely and simply a contract of insurance and, as the defendant does not deny it issued the insurance policy under the laws of the State of Pennsylvania, it therefore comes under the provisions of the Act of May 11, 1881, P. L. 20, which requires that all life and fire insurance policies issued containing reference to the by-laws, as forming part of the policy, shall have a correct copy thereof attached and if not so attached they shall not be received in evidence nor considered as part of the contract.    The provisions of the act were applicable to a certificate such as appears in the case at bar.    That was decided in Marcus v. Heralds of Liberty, 241 Pa. 429.    The defendant being precluded from proving the contents of the by-laws of the society is left without a defense.    Under the contract of insurance which we have before us, it was obligated to pay a certain stipulated sum every month, and there is nothing appearing in the case to excuse the performance of its written contract.

At the time the policy was issued there was no request for representations, declarations, warranties or medical examination on the part of the insurer.    If any fraud there was, it must have consisted in the fact that the mental condition of the insured was not disclosed to the company but if this were so when the proofs of death were filed showing that the insured had died of paresis in an insane asylum, certainly it was incumbent upon the company, if it had any defense to raise, to raise it then.    Instead, proofs of loss were accepted by the company and after the lapse of four years, after time has dimmed the recollection of the witnesses and has made the proof difficult for the plaintiff, it would not be fair,

in good conscience or in law, at this late date, to allow
the defendant to raise the question of fraud in the pro-
curing of the policy.

In every view of the case, we think the lower court
was right in directing a verdict for the plaintiff.

Judgment affirmed.