## Spector et al. *v.* Northwestern Fire and Marine Insurance Co., Appellant.

*Practice, C. P. — Service of process — Foreign insurance companies — Acts of July 9, 1901, P. L. 614, and May 17, 1921, P. L. 682 — Statutes — Repeal — Maxims.*

1. Where a statute specifically repeals a number of prior acts in toto and certain sections of others, but does not mention a prior act on the same general subject, and contains no general language repealing acts inconsistent with its provisions, all other prior acts not mentioned or sections thereof must be regarded as still in force under the maxim expressio unius est exclusio alterius.

2. The Act of May 17, 1921, P. L. 682, did not repeal section 4 of the Act of July 9, 1901, P. L. 614, relating to the service of process on insurance companies.

3. In an action against a foreign insurance company, a deputization of the sheriff of Dauphin County by the sheriff of Philadelphia County to serve process is not authorized by the Act of July 9, 1901, P. L. 614, where it appears the insurance was not effected in Philadelphia County, that the insured property at the time of the loss was not located in that county, and the cause of action did not arise therein.

*Constitutional law — Title of act — Service of process in suits against insurance companies—Act of May 17, 1921, P. L. 682.*

4. The Act of May 17, 1921, P. L. 682, is unconstitutional as defective in title, in so far as section 344 of the act is concerned. The title fails to give notice of the provision in such section which purports to establish a method of serving process against an insurance company by directing process to the sheriff of a county other than that in which the writ issues.

5. The fact that an insurance company appointed the insurance commissioner its agent on whom process could be served, is not material, where it appears that the process was not validly served, and that the writ itself had not been issued in pursuance of any law.

Argued January 6, 1926. Appeal, No. 112, Jan. T., 1926, by defendants, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1922, No. 4075, on verdict for plaintiffs, in case of Max Specktor et al., copartners, trading as Specktor, Larner & Peck, v Northwestern Fire & Marine Ins. Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit on policy of fire insurance. Before MONAGHAN, J., trial judge.

Rule to set aside summons. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

Rule discharged. Verdict and judgment for plaintiffs for $2,875. Defendant appealed.

*Error assigned* was, inter alia, discharge of rule to set aside summons, quoting record.

*Horace Michener Schell,* for appellant.—Valid service cannot be made upon the insurance commissioner of Pennsylvania by the deputization of the sheriff of Dauphin County by the sheriff of Philadelphia County: Frank P. Miller Paper Co. v. Keystone C. & C. Co., 275 Pa. 40; Am. Trust Co. v. Kaufman, 279 Pa. 230; Park Bros. & Co. v. Boiler Works, 204 Pa. 453; City of Ches-

ter v. Ry., 9 Del. Co. R. 352; Hoefling v. Pelican Mutual
Life Ins. Co., 30 Lancaster L. R. 349; Otto Gas Engine
Co. v. McFarland, 8 Pa. Dist. R. 133; Haynes v. R. R.,
15 Pa. Dist. R. 970; White v. Heyl, 15 Pa. Dist. R. 634;
National Bank of Smyrna v. Chase Co., 17 Pa. Dist. R.
869; Parsons v. Ridley Park Association, 12 Del. Co.
R. 249; Barber & Co. v. Ry., 76 Pa. Superior Ct. 319;
Frick & Lindsay Co. v. Maryland-Pennsylvania Co., 44
Pa. Superior Ct. 518; Pennsylvania Fuel Co. v. Rogers,
14 Pa. Dist. R. 310; Larzelere Machine Co. v. Merriman
Co., 12 Pa. Dist. R. 593; O'Neill v. P. R. T. Co., 14 Pa.
Dist. R. 502; Elk Flint Bottle Co. v. Lockwood, 34 Pa.
C. C. R. 56.

Where the policy of insurance of a Minnesota corpora-
tion is issued in New Jersey, insuring the property of a
registered New Jersey partnership located in that state
where the loss also occurred, the courts of Pennsylvania
have no jurisdiction: Carr v. Accident & Liability Co.,
263 Pa. 87; Sharpless v. Boro., 1 Grant 257; Commer-
cial Accident Co. v. Davis, 213 U. S. 245; Mechanical
Appliance Co. v. Castleman, 215 U. S. 437; Phila. &
Reading Ry. v. McKibben, 243 U. S. 264; Simon v. Ry.,
236 U. S. 115; Missouri Pacific Co. v. Boar Oar Co., 257
U. S. 533.

*William A. Gray,* for appellee.—A state statute which
gives the courts of the State jurisdiction of a cause of
action which arises outside the State, and which is insti-
tuted by a foreign plaintiff against a foreign insurance
company, does not violate any provision in the Constitu-
tion of the United States: Ledford v. Western Union,
101 S. E. 533; Johnson v. Ins. Co., 132 Mass. 432;
Penna. Fire Ins. Co. v. Mining Co., 243 U. S. 93; Blake
v. McClung, 172 U. S. 239.

The Insurance Company Act of 1921, is so broad in its
terms that it clearly demonstrates the intention of the
legislature to confer on the state courts jurisdiction of
the instant case and of all similar cases: Bagdon v.

Coal & Iron Co., 217 N. Y. 432; Mooney v. Mfg. Co., 72 Fed. 32; Dennick v. R. R., 103 U. S. 11.

The Insurance Company Act of 1915 contained no provisions repugnant to the state Constitution; and even if this were so the fact could have no bearing on this cause because the Insurance Company Act of 1921 is self-sufficient, and by its own terms expressly repeals all previous acts on this subject: Carr v. Liability Co., 263 Pa. 87; Connecticut Mut. L. Ins. Co. v. Spratley, 172 U. S. 602.

The service of summons in this case was executed in strict conformity with the Insurance Company Act of 1921, and inasmuch as this act replaces all previous acts, no other authority can be consulted.

OPINION BY MR. JUSTICE SCHAFFER, February 1, 1926:

Plaintiff, a copartnership, registered and doing business in New Jersey, took out a policy of fire insurance issued and countersigned in that state, in defendant company, a corporation of Minnesota. The policy covered a stock of merchandise in a store in New Jersey. The property insured was consumed by fire. Suit was brought in the Common Pleas of Philadelphia to recover the loss and resulted in a verdict and judgment in plaintiff's favor, from which defendant has appealed.

We are called upon to determine but a single question: Is the suit maintainable? The writ was issued in Philadelphia County and was served on the insurance commissioner, who had been named by defendant as its agent to be served with process, at the state capitol in Harrisburg, Dauphin County. A motion of defendant to set aside the service was overruled, and subsequently the question of jurisdiction was raised in its affidavit of defense and at trial in points for charge. The court below determined it had jurisdiction and that the service was valid. Defendant contends that although it had registered to do business in this State in accordance with the act providing for the registration of foreign insur-

ance companies, and also, as required by that statute, had executed a power of attorney constituting the insurance commissioner its agent on whom process might be served, the service was invalid.

The discussion before us, both oral and printed, was of wider range than our conception of the critical issue after a study of the case seems necessary to review. The briefs on both sides indicate most thorough research and cases are cited from almost every state and from federal courts, including many from the Supreme Court of the United States. To our minds, the question to be decided is within the bounds of our own statutory law. Briefly stated, the position of appellee's counsel is that the service of the writ was in conformity with the Insurance Company Act of May 17, 1921, P. L. 682, and that this statute replaces all previous acts relating to service of process in actions on insurance policies. The position of appellant is that the Act of July 9, 1901, P. L. 614, was not repealed by that of 1921, and, this being so, service could not be lawfully made, under the law as it stood, because plaintiff's cause of action was not within the provisions thereof.

The issue, in the first instance, resolves itself into a consideration of the two acts, and, because of the view we take of them, we need go no further in disposing of the case. The Act of July 9, 1901, P. L. 614, is the general service of process statute, being entitled "An act relating to the service of certain process in actions at law, and the effect thereof, and providing who shall be made parties to certain writs." It provides, in section 4, "The writ of summons on any character of insurance policy or certificate, may also be served, in the manner provided by section two, in any other county than that in which the writ issues, by the sheriff of such other county, who shall be deputized for that purpose by the sheriff of the county in which the writ issues, *if the insurance was effected in,......or the insured property at the time of the loss was located in the latter county:*

Provided, that in such event the court shall abate the writ if it shall be made to appear, at any time before verdict or judgment by default, *that the insurance was not affected in.......nor was the insured property at the time of loss located in the county in which the writ was issued."* Section 5 of the act provides, "The writ of summons against a foreign corporation may also be served, in the manner provided by section two, in any other county than that in which the writ issues, by the sheriff of such other county, who shall be deputized for that purpose by the sheriff of the county in which the writ issues *if the cause of action arose in the latter county:* Provided, that in such event *the court shall abate the writ if it shall be made to appear, at any time before verdict or judgment by default, that the cause of action did not arise in the county in which the writ was issued."*

As before stated, the writ in this case was issued in Philadelphia County and plaintiff elected to have the writ served in another county. It would appear at once that the Act of 1901 controlled the situation. Let us, however, now look at the statute relied on by the plaintiff. The Act of May 17, 1921, P. L. 682, is entitled "An act relating to insurance; amending, revising, and consolidating the law providing for the incorporation of insurance companies, and the regulation, supervision and protection of home and foreign insurance companies, Lloyds associations, reciprocal and inter-insurance exchanges, and fire insurance rating bureaus, and the regulation and supervision of insurance carried by such companies, associations, and exchanges, including insurance carried by the State Workmen's Insurance Fund; providing penalties; and repealing existing laws." It will be observed that nothing is said as to actions on insurance policies, or the service of process therein. The statute specifically repeals a number of prior acts in toto and certain sections of many others, but it does not mention the Act of July 9, 1901, or any

section thereof, and contains no general language repealing acts inconsistent with its provisions. Under such circumstances we have said that "all other prior acts or sections thereof must be regarded as still in force under the maxim expressio unius est exclusio alterius": Provident Life & Trust Co. v. Klemmer, 257 Pa. 91. That part of the act upon which appellee relies (article III, section 344) reads, "Any person or persons, body politic or corporate, who or which has a cause of action against any insurance company incorporated under the laws of this Commonwealth, or against any insurance company that has an agency established in this Commonwealth, may bring suit in a court of common pleas or before any justice of the peace, alderman, or magistrate, in any county where such company transacts business or the property insured is located, or, in cases of live stock insurance, where the owner resides, and to direct any process to the sheriff or constable of any of the counties in this Commonwealth."

Appellee argues it was the intention of the legislature that the Act of 1921 should replace all previous acts having to do at all with insurance companies. With this we are unable to agree. In view of the fact that the Act of 1921 is manifestly a carefully drawn one, passed after a study of the previous legislation on the whole subject, and considering that so many earlier statutes are specifically repealed, it is inconceivable that had the legislature intended the act to affect the Act of 1901 in so far as the latter applied to the service of process on insurance companies, it would not have indicated its intention specifically by repealing section 4 of that act. Clearly the deputization of the sheriff of Dauphin County by the sheriff of Philadelphia County was not authorized by the Act of 1901 for the reason that the insurance was not effected in Philadelphia County, nor was the insured property at the time of the loss located in that county, nor did the cause of action arise therein.

The concluding clause of section 344 of the Act of 1921 is relied on to warrant the extra-county service, since it reads "and to direct any process to the sheriff or constable of any of the counties in this Commonwealth." A reading of the entire sentence containing this clause makes it difficult to understand with what preceding words the infinitive "to direct" goes but it is clear the intent of the clause is that a person having a cause of action against an insurance company should be able to institute suit in a county where the company transacts business or the insured property is located and be able to have the writ served in another county by directing the "process to the sheriff" thereof. If, then, the service of the writ is within the terms of section 344, we have the further question whether that part of the statute is valid. This is the point at which plaintiff's case falls for it is our conclusion that the section, particularly its last clause, which purports to establish a method of serving process against an insurance company by directing process to the sheriff of a county other than that in which the writ issues, violates article III, section 3 of the Constitution for the reason that the title to the act gives no notice whatsoever,—certainly does not clearly express the fact,—that its provisions are intended to include one having to do with service of process, yet this latter requirement is essential: Provident Life & Trust Co. v. Hammond, 230 Pa. 407; Strain, Admr., v. Kern, 277 Pa. 209; Investor's Realty Co. v. Harrisburg, 281 Pa. 200. The only authority for extra-county service in actions on insurance policies is to be found in the Service Act of 1901, and it is admitted that the facts do not bring the case within the provisions of that act, hence the service was without legal authority.

The fact that defendant executed a power of attorney in which it appointed the insurance commissioner its agent on whom process could be served is of no moment, as the service could only be by process validly served and that issued in the instant case was not so served, as

has been heretofore pointed out. Indeed, the power of attorney itself limits service upon the insurance commissioner to such process as is "provided for by the laws of the Commonwealth of Pennsylvania," and the writ here served was not in pursuance of any law.

We hold, therefore, that under the admitted facts there was no authority to deputize the sheriff of Dauphin County to serve the writ, and that the court below erred in not abating it.

The judgment of the court below is reversed, the verdict is set aside, and the writ of summons is abated.