Mazurek *v.* Farmers' Mutual Fire Insurance
Company of Jamestown, Appellant.

34

Argued October 2, 1935. Before FRAZER, C. J., KEP-
HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Earle MacDonald,* with him *A. A. Geary,* for appel-
lant.

*William Glassman,* with him *McGill & McGill,* for ap-
pellee.

OPINION BY MR. JUSTICE MAXEY, November 25, 1935:

Plaintiff instituted this action of assumpsit in the
Court of Common Pleas of Warren County to recover
upon a policy of fire insurance issued by defendant.
Plaintiff lives in Warren County and the insured prop-
erty was located there. Defendant is a domestic corpo-
ration located and having its headquarters in Clarion
County; no office or place of business was maintained in
Warren County, nor were there any agents, officers or
directors in the latter county. Neither before nor after
the issuance of the summons in this case did defendant
transact any of its business in Warren County. The
summons was served by the sheriff of Clarion County,

deputized for the purpose by the sheriff of Warren County. In accordance with the provisions of the Act of March 5, 1925, P. L. 23, defendant entered an appearance de bene esse and filed its petition raising the question of the court's jurisdiction. A rule to show cause why the service of the summons and the return of service should not be set aside was granted and subsequently discharged. Defendant then took the present appeal.

The sole question presented relates to jurisdiction, and may be stated as follows: Does the court of common pleas of the county in which the insured property is located and in which the insured resides, have jurisdiction of an action of assumpsit upon a policy of fire insurance issued by a domestic corporation domiciled in another county and having no office and transacting no business in the county wherein the suit is brought?

At common law a corporation could only be sued in the territorial jurisdiction where it had its legal domicile, and that was where it had its chief place of business. See Bailey v. W. & N. B. R. R. Co., 174 Pa. 114, 116, 34 A. 556; Gengenbach v. Willow Grove Park Co., 280 Pa. 278, 280, 124 A. 425; Shambe v. D. & H. R. R. Co., 288 Pa. 240, 243, 135 A. 755. This common law rule has in many instances been modified by statute, and the changes that have been made vary with the nature of the corporation (i. e., foreign or domestic), the kind of business transacted, the geographical extent and location of that business, and the nature of the cause of action sued upon. As the procedure in the instant case conflicts with the common law rule as to suits against corporations, it must depend on statutory justification.

The earliest relevant statute is the Act of April 24, 1857, P. L. 318 (supplemented and amended by the Acts of April 8, 1868, P. L. 70, and May 13, 1889, P. L. 198, in respects not here material). By virtue of the provisions therein contained, the insured was empowered to bring suit in the courts of the county in which the insured property was located. The reason for the passage of the

statute was pointed out by Mr. Justice STERRETT in Quinn v. Fidelity Beneficial Assn., 100 Pa. 382, at page 384, where it is said that, "prior to the passage of that act, the class of suitors, intended to be benefited thereby, was obliged to seek redress in the courts of the county where the insurance companies might be located. This was generally attended with great inconvenience and expense in procuring testimony and securing the attendance of witnesses at points often very remote from their homes and the locality of the loss. In view of these and other considerations, and for the purpose of providing a suitable remedy, the Act of 1857 was doubtless passed." If that statute is still in force the court below had jurisdiction of the present cause of action. Whether or not it is still in force involves an examination of the provisions of the Insurance Company Law of May 17, 1921, P. L. 682, which in express terms purported to repeal absolutely the Acts of 1857, 1868 and 1889, supra. But by section 344 of the Act of 1921, supra, the legislature apparently intended to preserve and continue the jurisdiction which had been existent since 1857. In Spector v. Northwestern F. & M. Ins. Co., 285 Pa. 464, 132 A. 531, we held this section unconstitutional in so far as it authorized service on an insurance company by directing process to the sheriff of another county. The section clearly offended article III, section 3, of the Constitution for the reason that there was nothing in the title of the act giving notice of anything contained therein with respect to service of process in suits against insurance companies. Nor can it be said that although the section is invalid in so far as it provided for service of process, it is nevertheless constitutional as a jurisdictional measure. Just as the title of the act gives no notice with respect to service of process, likewise there is no provision in the title with respect to the jurisdiction of the courts of common pleas in actions against insurance companies. "It will be observed that nothing is said as to actions on insurance policies, or the service of proc-

ess therein": Spector v. Northwestern F. & M. Ins. Co., supra, at page 469. It follows that in so far as section 344 attempts to define the jurisdiction of the courts of common pleas in actions against insurance companies, it is unconstitutional. It does not follow, however, that the salutary jurisdiction which had existed since 1857 was, through the inadvertence of the legislature in formulating the title to the act, lost and destroyed. It was the clear intention of the law-making body to preserve in the Act of May 17, 1921, a well-established and long-existent jurisdiction, and though section 344 of that act falls for the reason stated, there are principles of construction which warrant this court's giving effect to that intention.

Where a subsequent statute which would, if valid, act as a repeal of a prior statute only by implication, i. e., because its terms are contradictory of the provisions of the earlier enactment, is itself unconstitutional, it must be obvious that the earlier act remains in full force and effect. This follows inevitably from the fact that in the eyes of the law it never came into existence. Never having come into existence, it could have no effect. The rule that an unconstitutional enactment will not by mere implication repeal a preëxistent valid law is well established: Frost v. Corporation Commission., 278 U. S. 515; The People v. Mensching, 187 N. Y. 8, and cases there cited. Nor does the fact that the later invalid statute contains a clause repealing all prior inconsistent legislation work a change in the result: State v. Blend, 121 Ind. 514; Sullivan v. Adams, 69 Mass. 476; Campau v. City of Detroit, 14 Mich. 276; City of Detroit v. Western Union Tel. Co., 130 Mich. 474; State v. Luscher, 157 Minn. 192; Devoy v. The Mayor, 36 N. Y. 449; Allen v. Raleigh, 181 N. C. 453. The only question is whether where, as here, an act expressly repeals another act and provides a substitute for the act repealed and the substitute is found unconstitutional, is the other act so expressly repealed to be judicially accepted as repealed. Such a construction is not warranted unless it clearly

appears that the legislature would have passed the repealing clauses even if it had not provided a substitute for the acts repealed. Not only was there no such intention on the part of the legislature in the present case, but it is apparent that exactly the opposite was intended. The precise question now being discussed has not heretofore been passed upon by this court. However, other courts have enunciated the principle that a repealing clause expressly repealing a prior statute is itself ineffective where the substitute for the prior statute provided in the repealing statute is unconstitutional, and where it does not appear that the legislature would have enacted the repealing clause without providing a substitute for the act repealed: Rosenfield v. Drake, 112 Pa. Superior Ct. 1, 170 A. 414; People v. Fox, 294 Ill. 263; State v. Joyce, 307 Mo. 49; State v. Rice, 115 Md. 317; People v. De Blaay, 137 Mich. 402; Williams v. The State, 81 N. H. 341; State v. Edmondson, 89 Ohio State 351; State v. Groom, 91 Ohio State 1; Portland v. Coffey, 67 Oregon 507. There is no doubt that the legislature in enacting section 344 of the Act of 1921 intended to preserve to courts of counties in which insured properties were located the jurisdiction in insurance cases created by the Act of 1857. It is a legitimate inference that the Act of 1857 would not have been repealed by the Act of 1921 if the legislature had known that section 344 of that act would be declared invalid for defect in the title of the act.

Nor is this conclusion forestalled by a section on "constitutional construction" such as is to be found in the Act of 1921, supra (section 109), wherein it is declared that the "provisions of [the] act shall be severable, and, if any of its provisions shall be held to be unconstitutional, the decision of the court shall not affect the validity of the remaining provisions of [the] act." Such a clause is to be given a reasonable interpretation, and since the repealing clauses are inseparably connected with section 344 they must stand or fall with it. The

severability clause cannot save the appropriate repealing sections if it is clearly apparent that they would not have been inserted had the legislature known that section 344 was invalid, even though there is an apparent legislative expression to the contrary. See N. R. Bagley Co., Inc., v. Cameron, 282 Pa. 84, 89, 127 A. 311.

Our conclusion is that since section 344 of the Act of 1921, supra, is unconstitutional in so far as it purports to regulate the jurisdiction of the courts of common pleas in actions against insurance companies, the Act of 1857, supra, as supplemented by the Act of 1868, supra, and as amended by the Act of 1889, supra, remains in full force and effect and was not repealed by the Act of 1921, supra, and that the court below had jurisdiction of the cause of action.

While we affirm the order of the court below we do not accept the rationale of its decision. The court adopted the argument advanced by plaintiff which was that the Act of July 9, 1901, P. L. 614, section 4, conferred jurisdiction in this case and that this jurisdiction was not affected by the amendatory Act of April 27, 1927, P. L. 398. Plaintiff argues that the former conferred the requisite jurisdiction upon the court and that this jurisdiction persists under the amendatory act, notwithstanding the decision in First Nat. Bank v. Teachers Protective Union, 109 Pa. Superior Ct. 467, 167 A. 435, to the effect that the Act of 1927, supra, was unconstitutional in so far as it purported to apply to domestic corporations. The argument is untenable in view of the fact that the Act of 1901 does not confer jurisdiction but merely regulates service where jurisdiction already existed: Park Bros. & Co. v. Oil City Boiler Works, supra. See Excelsior Saving Fund v. Cochran, 220 Pa. 634, 636, 70 A. 432; Gengenbach v. Willow Grove Park Co., supra, page 281; Specktor v. North B. & M. Ins. Co., 293 Pa. 232, 235, 142 A. 212; Frick & Lindsay Co. v. M., P. & W. Va. T. & T. Co., 44 Pa. Superior Ct. 518, 522. The amendatory Act of 1927 even if constitutional would not

support the jurisdictional claim here made. Like the act it attempted to amend, it related only to the service of process. The jurisdiction challenged in the instant case finds its genesis in the Act of 1857 (supra), as above stated.

The order is affirmed.