## Kolesar *v.* Slovak Evangelical Union, Augsburg Confession of America, Appellant.

Argued April 22, 1936.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Leonard A. Balter,* with him *Ben Paul Brasley,* of

*Brasley, Rubin, Balter & Cole* and *Albert W. Stenger,* for appellant.

*Edward J. Harkins,* of *Scanlan & Harkins,* for appellee.

OPINION BY KELLER, P. J., July 10, 1936:

The defendant was incorporated on March 23, 1896, under the laws of this Commonwealth, as a fraternal beneficial society, without capital stock, with its principal office or place of business at Pittsburgh, Allegheny County, Pennsylvania.

It issued to Jan Kolesar, a member of Assembly No. 239 of the society, a benefit certificate under which, subject to the laws of the society and the terms and conditions of the certificate, it agreed to pay to his wife, as beneficiary, on due proof of death, a death benefit of $1,000. And the by-laws of the association made provision for the payment of certain benefits to the member in case of his disability, and for the payment of $400 to his wife, if he should become insane as a result of some physical injury. The issue involved in this appeal makes it unnecessary to give the details of the certificate or policy and the by-laws relied on.

The plaintiff claiming that her husband, while a member in good standing of the defendant society, had suffered a physical injury which disabled him, and resulted in his insanity, brought this action of assumpsit in Cambria County to recover the said sum of $400 and the weekly disability benefits to which her husband was entitled, both of which were payable under the by-laws of the society.

The writ was served on the defendant society by the sheriff of Allegheny County, who had been deputized by the sheriff of Cambria County. The defendant thereupon promptly obtained a rule, under the Act of March 5, 1925, P. L. 23, to show cause why the service of the

summons should not be set aside as illegal and void, because the defendant was an incorporated fraternal beneficial society of Pennsylvania, having its principal office and place of business in Allegheny County, as appeared in the plaintiff's statement, and suit could not be instituted in a county other than Allegheny and served on it by deputizing the sheriff of Allegheny County. After answer filed on behalf of the plaintiff, the court discharged the rule relying on the case of Mazurek v. Farmers Mut. Fire Ins. Co., 320 Pa. 33, 181 A. 570. The defendant appealed to this court within fifteen days as directed by the Act of 1925, supra. The order must be reversed.

The Supreme Court decided in Spector v. Northwestern F. & M. Ins. Co., 285 Pa. 464, 132 A. 531, that section 344 of the Act of May 17, 1921, P. L. 682, relating to insurance, which authorized any person who has a cause of action against any insurance company incorporated under the laws of this Commonwealth, or having an agency herein, to bring suit in any county where such company transacts business or the insured property is located and to direct any process to the sheriff of any county in this Commonwealth, was unconstitutional and in violation of Art. III, sec. 3, because the title to the act gave no notice that its provisions were intended to have to do with service of process. We venture, with some diffidence, to suggest that if on the argument of that case it had been brought to the court's attention that the section in question made no change in the law on the subject but was merely the inclusion in a general act revising the insurance laws of the provisions of the Act of April 24, 1857, P. L. 318, and its amendments of April 8, 1868, P. L. 70, and May 13, 1889, P. L. 198, the court might have followed its prior ruling in Miles's Est., 272 Pa. 329, 116 A. 300, which passed on the Intestate Act of 1917, P. L. 429—a general revision of the subject, similar to the Insurance

Act of 1921—and held that where a statute under consideration is a general revision, the law, as therein written, will be deemed to be the same as it stood prior to the revision unless the courts find from the statute itself, or its history, a clear intention to change it. See also, Gordon v. Continental Casualty Co., 319 Pa. 555, 559 (SCHAFFER, J.), 181 A. 574; Com. ex rel. Shattuck v. Salary Board of McKean County, 322 Pa. 138, 185 A. 278. "Article III, section 3 of the constitution does not require that a general act consolidating many statutes enacted over a course of years, with reference to some broad subject of legislation, shall in its title refer to all the other subjects collaterally affected by the passage of the various statutes to be consolidated. Those affected by such legislation were put upon notice of its effect on them when the statutes were originally enacted. ...... It is not necessary to repeat them again in the title of the consolidating act, provided the subject is germane to the general subject of legislation as it existed when the consolidating statute was passed: [citing authorities]. See also Com. v. Snyder, 279 Pa. 234, 243. The title of a consolidating act must be passed upon in the light of the legislation already existing on the subject at the time of its passage": Borough of Williamsburg v. Bottenfield, 90 Pa. Superior Ct. 203, 207, 208; Shareff v. Wolf, 120 Pa. Superior Ct. 227, 229, 182 A. 115.

The matter was cleared up, in another way, in Mazurek v. Farmers' Mutual Fire Ins. Co., 320 Pa. 33, 181 A. 570, which held that the Act of April 24, 1857, supra, and its supplements of April 8, 1868, supra, and May 13, 1889, supra, although expressly repealed by section 1101 of the Act of May 17, 1921, supra, remained in force and effect, because the section (344) which had re-enacted their provisions, although declared unconstitutional, showed the intention of the legislature that no change in the law should be effected.

But this decision, on which the lower court relied, and the acts of assembly with which it deals are not controlling, or even relevant, in this case, because they all relate to insurance companies, while the defendant in this action is a fraternal beneficial society incorporated in Pennsylvania. There is no statute in force in Pennsylvania which authorizes a person having a claim against a fraternal beneficial society, incorporated in this State, to bring his action in a county other than the one where it has its principal office or place of business and have it served in the county of its domicile or place of business. In the absence of any such enabling statute suit must be brought in the county where its principal office or place of business is located—in this instance, in Allegheny County: Mazurek v. Farmers Mut. Fire Ins. Co., supra, p. 35. That case also holds that the Act of July 9, 1901, P. L. 614, relating to service of process, and its amendments (see Acts. of April 3, 1903, P. L. 139 and April 27, 1927, P. L. 398) do not confer jurisdiction, but merely regulate service where jurisdiction already existed. See also Park Bros. & Co. v. Oil City Boiler Works, 204 Pa. 453, 54 A. 334.

The fact that the society may have a local lodge or assembly of members in Cambria County does not constitute such a transaction of business, or location of its property, within Cambria County as to authorize the bringing of an action there. Eline v. Western Maryland R. Co., 253 Pa. 204, 208, 97 A. 1076. The return of the sheriff is conclusive that defendant had no office or place of business in Cambria County and that no member of its board of directors or other principal officer resided therein: Park Bros. & Co. v. Oil City Boiler Works, supra, p. 458.

It may be that the defendant society is going beyond its corporate powers and issuing policies of insurance rather than benefit certificates, but that does not make it an insurance company. If it is exceeding its char-

tered powers there is a legal way of stopping that by dissolving it unless it confines its activities within its corporate sphere: Com. ex rel. v. United States Annuity Society, 303 Pa. 19, 154 A. 24. Because it may be unlawfully usurping some of the powers of an insurance company does not make it one, nor subject it to be served with process as if it were an insurance company. The other cases relied on by appellee (Marcus v. Heralds of Liberty, 241 Pa. 429, 88 A. 678; Com. v. Keystone Benefit Assn., 171 Pa. 465, 32 A. 1027; Helmbold v. Independent Order of Puritans, 61 Pa. Superior Ct. 164; First Nat. Bank v. Teachers Protective Union, 109 Pa. Superior Ct. 467, 167 A. 435) do not go so far as to hold that such unlawful acts by a fraternal beneficial society change it from one class of corporations into another; they relate only to the construction to be given the certificates or policies issued by them.

We have no sympathy with the defendant's assuming powers not conferred on it by its charter, if it has been doing so, but the redressing of that wrong must be done legally, not by an implied confirmation of the illegal act.

One of the main purposes of the Act of March 5, 1925, P. L. 23, was to permit the question of want of jurisdiction over the defendant, arising from an alleged illegal service of process, to be raised and decided in limine: Wilson v. Garland, 287 Pa. 291, 293, 135 A. 131; Lackawanna County v. James, 296 Pa. 225, 227, 145 A. 817.

The order is reversed and the record is remitted to the court below with directions to reinstate the rule to show cause and make it absolute.