## Krollick v. Husway et al.

*Kilker & Kilker*, for plaintiff.

*L. E. Enterline* and *H. F. Kehler*, for garnishee.

HICKS, P. J., March 1, 1937.—The Harleysville Mutual Casualty Company is a Pennsylvania corporation, with its principal office in the Borough of Harleysville, Montgomery County. On a judgment entered in the County of Schuylkill against John Husway and Mary Husway, an attachment execution was issued by this court against The Harleysville Mutual Casualty Company. The Sheriff of Schuylkill County deputized the Sheriff of Montgomery County to serve said writ. Service was made by the latter upon the secretary-treasurer of the corporation in Harleysville, Montgomery County.

Contending that under this state of facts it was not subject to service in Montgomery County with the attachment execution issued out of Schuylkill County, and that this court had no jurisdiction to issue the writ to be executed there, the garnishee procured a rule to show cause why the writ should not be quashed and set aside. The petition upon which the rule was granted really complains of improper and invalid service, and the argument is directed more particularly against the setting aside of the service of the writ. Plaintiff in the attachment execution, respondent in the rule, admits that the garnishee has no

place of business in Schuylkill County and that none of its directorate nor any of its officers is resident here.

As to the garnishee, the attachment execution is an original process, a summons commanding it to appear and show cause why judgment should not be levied on the judgment debtor's goods and effects in its hands: Koenig v. Curran's Restaurant & Baking Co. et al., 121 Pa. Superior Ct. 201, 207. This court has decided the exact question raised in this case in Watson v. Fire Mountain Coal Co. et al., 19 D. & C. 606. We there held that a domestic corporation, such as the garnishee, cannot be sued except in a county where the corporate property is in whole or in part situated, or where it transacts a substantial part of its business: Murphy v. Pennsylvania Casualty Co., 122 Pa. Superior Ct. 80, 81. This is the common-law rule as to suits against corporations, which is still the general rule in Pennsylvania, and any exceptions to it must rest on clear statutory authority. We there set aside the service of a writ of attachment execution. This court is without jurisdiction to issue the writ of attachment execution. The Act of July 9, 1901, P. L. 614, and its amendments, does not confer jurisdiction but merely regulates service where jurisdiction already exists: Mazurek v. Farmers' Mutual Fire Insurance Company of Jamestown, 320 Pa. 33, 39; Kolesar v. Slovak Evangelical Union, etc., 122 Pa. Superior Ct. 318, 323.

It being admitted that the corporation's principal office is located in Montgomery County, that it has no place of business in this county, and that none of its directors or officers is resident here, and that its corporate property is in Montgomery County, an attachment execution could not issue against it in Schuylkill County and service of it in Montgomery County would be invalid: See cases cited in Watson v. Fire Mountain Coal Co. et al., supra, pp. 607, 608; Stinson v. Smith, 22 D. & C. 143, 145; Snyder et al. v. McCanless, 23 D. & C. 551, 555, 556.

The service of the process must be set aside for want of jurisdiction in the court issuing the writ.

And now, March 1, 1937, the rule to set aside the service of the attachment execution is hereby made absolute at the cost of plaintiff.

From G. Harold Watkins, Frackville.