Cuberka, Appellant, *v.* Pennsylvania Slovak Roman and Greek Catholic Union of the United States of America.

Argued May 3, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Francis Taptich,* for appellant.

*Charles A. Woods, Jr.,* with him *Frank P. Slattery, William Anderson, Jr.,* and *Dickie, Robinson & McCamey,* for appellee.

OPINION BY KELLER, P. J., July 15, 1937:

Defendant is a fraternal beneficial association, incorporated, without capital stock, under the laws of this Commonwealth and having its principal office and place of business in Wilkes-Barre, Luzerne County, Pennsylvania.

The plaintiff brought this action of assumpsit in the County Court of Allegheny County on a benefit certificate for $1000, and service of the writ was attempted to be made on the defendant corporation by the sheriff of Allegheny County deputizing the sheriff of Luzerne County, who returned that he had served the writ upon the defendant by handing a true and attested copy of the same to the secretary at its office in Wilkes-Barre.

Had the defendant proceeded under the Act of March 5, 1925, P. L. 23, and promptly filed its petition setting forth the above facts, and obtained a rule to show cause why service of the summons should not be set aside, the appearance would have been de bene esse only and, under our decision in *Kolesar v. Slovak Evangelical*

*Union,* 122 Pa. Superior Ct. 318, 186 A. 302, the rule should have been made absolute and the service set aside, for the plaintiff could not require the defendant to defend an action brought in a county other than the one where it has its principal office and transacts its business. But the defendant did not do this. Instead, it entered a general appearance on January 8, 1936, and on January 29, 1936, filed an affidavit of defense on the merits, setting up new matter by way of defense, and requiring the plaintiff to reply within fifteen days, which was done; whereupon, the case being at issue, the parties stipulated that it should be placed for trial on May 21, 1936. For some reason it was not tried on the day fixed, and on October 22, 1936, following the handing down of the decision in the Kolesar case, the defendant obtained a rule to show cause why the statement of claim should not be stricken from the record and the cause of action dismissed for want of jurisdiction, which, later, was made absolute. The plaintiff appealed. The order must be reversed.

By entering a general appearance and defending on the merits the defendant waived all jurisdictional defects relating to the right of the plaintiff to bring her action in Allegheny County, instead of Luzerne County, and the illegality of the service of the writ.

The defect related to jurisdiction over the defendant, not to jurisdiction of the cause of action, and was cured by a general appearance: *McCullough v. Railway Mail Assn.,* 225 Pa. 118, 122, 123, 73 A. 1007; *Jeannette Boro v. Roehme,* 9 Pa. Superior Ct. 33, affirmed 197 Pa. 230, 237, 47 A. 283; *Wing v. Bradner,* 162 Pa. 72, 76, 29 A. 291; *MacGeorge v. Chemical Mfg. Co.,* 141 Pa. 575, 580, 21 A. 671; *Miller v. Cockins,* 239 Pa. 558, 568, 569, 87 A. 58; *Barrilo v. Frank,* 116 Pa. Superior Ct. 461, 462, 463, 177 A. 58; *German Trust Co. v. Plotke,* 274 Pa. 483, 118 A. 508; *Konopka v. McAteer,* 313 Pa.

510, 515, 169 A. 778; 1 Bouvier's Law Dictionary (Rawle's 3d Revision) 212; Restatement — Conflict of Laws, sec. 82, and Pennsylvania Annotations to same.

In all the cases cited and relied on by the appellee the corporation which had been sued in a jurisdiction other than its legal domicile or where it transacted its business, appeared de bene esse and objected to the service. Had it appeared generally and defended on the merits, as was done by the defendant here, it would have been precluded from subsequently raising the question of jurisdiction, under the long established rule, evidenced by the foregoing cases, chosen out of a host of decisions, that a general appearance acts as a waiver of all defects in process, service, etc. affecting jurisdiction over the defendant.

By the Act of May 5, 1911, P. L. 198, and its amendments (17 PS sec. 626) the County Court of Allegheny County has been given jurisdiction, inter alia, in civil actions wherein only a money judgment is sought to be recovered, in which the sum demanded does not exceed $2500. See our discussion of the subject of jurisdiction of the cause of action in *Squire v. Fridenberg,* 126 Pa. Superior Ct. 508, 191 A. 631.

The order is reversed with a procedendo.