## Topyrik *v.* Russian Brotherhood Organization of U. S. A., Appellant.

Argued March 8, 1939.

Before KELLER,
P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and
RHODES, JJ.

*Harry Needle,* with him *Alexis Russin* and *Joseph S. Needle,* for appellant.

*Myron A. Pinkus,* with him *Alphonsus L. Casey,* for appellee.

336

OPINION BY KELLER, P. J., April 21, 1939:

The order appealed from in this case is contrary to our rulings in *Kolesar v. Slovak Evangelical Union*, 122 Pa. Superior Ct. 318, 323, 186 A. 302, and *Cuberka v. Penna. Catholic Union*, 126 Pa. Superior Ct. 605, 606, 607, 193 A. 828, and must be reversed and the rule to set aside service of the summons be made absolute.

Defendant is a fraternal beneficial association, incorporated by decree of the Court of Common Pleas of Schuylkill County, Pennsylvania, on March 23, 1903, under the Act of April 29, 1874, P. L. 73, and its supplements,[1] having its principal office and place of business in Philadelphia. It has no capital stock and was organized and is carried on for the sole benefit of its members and their beneficiaries and not for profit, having a lodge system—known as assemblies—and making provision for the payment of benefits in accordance with its constitution and by-laws.

It has a total membership of 18,000 members, divided among 264 assemblies, located in 21 states. 156 assemblies are located in Pennsylvania of which 26, with 1330 members, are in Lackawanna County.

When first organized its office and place of business was in Mahanoy City, Schuylkill County. Subsequently it was removed to Olyphant, Lackawanna County, where it remained for three or four years; but eighteen years ago it was removed to Philadelphia where it has remained ever since. On April 23, 1934, formal approval of this change, pursuant to resolution adopted at the Supreme Convention of the society, was made by amendment to its charter by the Court of Common Pleas of Schuylkill County, to No. 223 May Term, 1934.[2]

---

[1] See Acts of April 6, 1893, P. L. 7 and P. L. 10.

[2] The amendment was properly presented to the court of common pleas of the county where the society was incorporated: *Greek Catholic Union Charter Amendment*, 332 Pa. 424, 426, 427, 429, 3 A2d 410.

It has no office or place of business in Lackawanna County. It owns its own building in Philadelphia at 1733 Spring Garden Street, which it uses as its office and place of business. All its benefit certificates are issued from there. All its accounts are kept there, as well as its files, books, bonds, securities, policies or certificates, applications, assessment books, etc. All dues collected from the members by the different assemblies are sent to the office at Philadelphia and all death claims are paid from there. The paper published by the association, "Pravda," is published and issued only from the home office at Philadelphia. The president, vice-president, and treasurer reside in Lackawanna County, but the uncontradicted testimony is that no meetings are held or corporate business transacted there, or at any place other than Philadelphia, and the association has no office in Lackawanna County and has had none since it removed the principal office from Olyphant to Philadelphia eighteen years ago.

We held in *Kolesar v. Slovak Evangelical Union,* supra, that the fact that the society may have a local lodge or assembly of members in a county other than where it has its office and place of business does not constitute a transaction of business or location of its property within that county, so as to authorize the bringing of an action there; and the rule is the same whether there is only one lodge or a number of lodges in the county. The number of such lodges is not important. If the fact that a fraternal beneficial society had subordinate lodges in a county, of itself, constituted a transaction of business there, it would have the same effect if only one lodge was in the county.

It is settled that, in the absence of enabling legislation, which does not exist as respects fraternal beneficial societies, actions against a domestic corporation must be brought in the county in which its principal place of business is located, or in a county in which it transacts

business, or where its corporate property is located: *Mazurek v. Farmer's Mutual Fire Ins. Co.*, 320 Pa. 33, 34, 181 A. 570. The Acts of July 9, 1901, P. L. 614, and its amendments of April 3, 1903, P. L. 139, and April 27, 1927, P. L. 398, do not confer jurisdiction, but merely regulate service where jurisdiction already existed: *Park Bros. & Co. v. Oil City Boiler Works,* 204 Pa. 453, 54 A. 334. In other words they do not authorize the service of the writ on an officer of the corporation in a county other than where its principal office is located, or where it transacts business, or its corporate property is located, but merely direct how service shall be made on an officer of a corporation in a county which has jurisdiction of the action by reason of the fact that the principal office of the corporation is located there, or it "transacts business there," using that term in its legal sense, or some of its corporate property is located there.

There is nothing in the record in this case to show that the defendant association is transacting any business not permitted it by its charter, or that it is transacting any business—using that term in its legal sense—in any county other than Philadelphia, where its office is located, or that it has any corporate property other than in Philadelphia County. If so, then any action against it must be brought in Philadelphia County, where its office is located and where it transacts its business, and service of summons of an action brought in any other county will be set aside, if the defendant moves promptly and the want of jurisdiction is not waived by a general appearance. See *Cuberka v. Penna. Catholic Union,* supra, pp. 606, 607.

The case of *Murphy v. Penna. Casualty Co.,* 122 Pa. Superior Ct. 80, 184 A. 462, relied on by the lower court is easily distinguishable, for there the defendant, an insurance company organized for profit, maintained a corporate office in Philadelphia and was therefore liable to be sued there as well as in Lancaster County, where its main office was located.

It must not be overlooked, also, that it is specifically provided that the Insurance Company Law of 1921[3] and most of the provisions of the Insurance Department Act of 1921,[4] shall not apply to fraternal benefit societies, not conducted for profit, and having a lodge system.

There is nothing in the record in this case before us which justified the court below in applying to the operations of this defendant the statement that, "A 'peripatetic' beneficial society can evade its claim by moving its principal office and subjecting the claimants of small sums to great inconvenience thereby"; or in saying by way of criticism, "It has moved its principal place of business from county to county." A corporation which has had its office and place of business for eighteen years in the same city, where it owns the building in which its business is transacted, should not be invidiously referred to as 'peripatetic,' or the innuendo be made that it moved there to avoid the payment of just claims against it.

The order is reversed and the record is remitted to the court below with directions to reinstate the rule and make it absolute.

---

[3] Act of May 17, 1921, P. L. 682, Art. I, sec. 105, 40 PS sec. 365. See also, Act of May 5, 1933, P. L. 289, sec. 4, 15 PS sec. 2851.

[4] Acts of May 17, 1921, P. L. 789, Art. I, sec. 103; April 26, 1929, P. L. 791, sec. 1, 40 PS sec. 23.