Kaschak, Appellant, *v.* Greek Catholic Union of U. S. A.

Argued March 2, 1942.

Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Irving L. Epstein,* with him *J. Julius Levy,* for appellant.

*John B. Szabo,* for appellee.

OPINION BY KELLER, P. J., April 15, 1942:

The defendant is a fraternal beneficial association with a lodge system, incorporated under the Act of April 29, 1874, P. L. 73, sec. 2, clause 9. See *Greek Catholic Union Charter Amendment Case,* 332 Pa. 424, 3 A. 2d 410. Its principal office and place of business is in Allegheny County, Pennsylvania.

The plaintiff brought this action of assumpsit in Lackawanna County and attempted to have the writ served in Allegheny County by deputizing the sheriff of that county.

A rule to set aside the service was made absolute. Plaintiff has appealed.

We are at a loss to know on what authority the plaintiff relies to justify such service by deputizing the sheriff of another county. The defendant is not an insurance company,[1] and this action is not on any character of insurance policy or certificate—it is for salary alleged to be due plaintiff as President of the Supreme Tribunal of the association and for expenses incurred by him in attending the 23d annual convention at Harrisburg in June, 1940. Hence the fourth clause or heading of section 1 of the Act of July 9, 1901, P. L. 614, as amended by Act of April 27, 1927, P. L. 398, does not

[1] Act of May 20, 1921, P. L. 916, secs. 1, 30; *Com. v. Equitable Beneficial Assn.,* 137 Pa. 412, 419, 420, 18 A. 1112.

apply. Nor does the Act of April 3, 1903, P. L. 139, amending the second clause or heading of section 1 of the Act of 1901, supra, apply, for the plaintiff's statement shows that the *cause of action* did not *arise* in Lackawanna County. The Act of 1901, supra, did not change the jurisdiction of courts; it only regulated service of process: *Park Bros. & Co. v. Oil City Boiler Works*, 204 Pa. 453, 54 A. 334; *Mazurek v. Farmers Mut. Fire Ins. Co.*, 320 Pa. 33, 39-40, 181 A. 570.

But apart from this, we are of opinion that the court below correctly ruled that under our decisions in *Kolesar v. Slovak Evangelical Union*, 122 Pa. Superior Ct. 318, 186 A. 302, and *Topyrik v. Russian Brotherhood Organization of U. S. A.*, 135 Pa. Superior Ct. 334, 5 A. 2d 640, the action had to be brought in Allegheny County. See also *Cuberka v. Penna. Catholic Union*, 126 Pa. Superior Ct. 605, 606-607, 193 A. 828.

The statement in the Topyrik opinion that, in the absence of enabling legislation, action against a *domestic corporation* must be brought in the county in which its principal place of business is located, or in a county in which it transacted business, or where its corporate property is located, was not contrary or opposed to our ruling in the Kolesar case. We were talking of domestic corporations generally, and limited the expression *'transacts business'* to its well established *legal sense;* and by the expression, its 'corporate property', we were likewise using the term in the meaning given to it by the decisions of the Supreme Court and this court. These are summarized in the later cases of *Walde v. Bowers Battery Mfg. Co.*, 337 Pa. 97, 10 A. 2d 405, and *Phila. Gear Works v. Read Machinery Co.*, 139 Pa. Superior Ct. 584, 12 A. 2d 793. In the former case, Mr. Justice STERN, speaking for the Supreme Court said, in construing the Act of March 17, 1856, P. L. 388; "While the word 'property' in the Act of 1856 should not be held to refer to property which is merely stored in a warehouse or otherwise *passively*

located in another county than that where the principal place of business of the corporation is located, it certainly includes property which is *actively used in the course of the business operations of the corporation,* irrespective of whether such property consists of fixtures and machinery, or of a stock of merchandise *the sale of which is the object of the corporate business.* Indeed, when the word 'property' is thus construed, there is, from a practical standpoint, *no difference* between a requirement that a corporation *have such property in the county* and a requirement that the *corporation do business there,* so that either of these circumstances becomes, as our cases hold, sufficient justification for the commencement of suit and service of process upon the corporation in such county." (Italics supplied).

It is established that the defendant did not transact its corporate business in Lackawanna County; the setting-up of local lodges within a county does not constitute the transaction of its business within that county: *Kolesar v. Slovak Evangelical Union,* supra. Nor does the mere title and ownership of a tract of land in Lackawanna County, which is used and operated, without financial return to it, by a separate corporation of the first class, not for profit, as an orphans' home, nor the ownership of certain mortgages [2] on real estate located in Lackawanna County, constitute 'corporate property' within the definition of the Supreme Court, supra, such as to authorize the commencement of suit and the service of process upon a corporation, of the class of this defendant, in that county; and still less, service of process by deputizing the sheriff of the county where it does transact its business.

The order of the court below is affirmed.

---

[2] See *Gallagher v. Rogan,* 322 Pa. 315, 185 A. 707; *Eldredge v. Eldredge,* 128 Pa. Superior Ct. 284, 194 A. 306.