## Infantino *v.* Quaker City Fire & Marine Insurance Co., Appellant.

Submitted April 20, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*S. C. Pugliese,* of *Margiotti, Pugliese & Casey,* for appellant.

*Ella Graubart,* and *Patterson, Crawford, Arensberg & Dunn,* for appellee.

OPINION BY KELLER, P. J., July 15, 1944:

The question involved in this case is one of jurisdiction.

The defendant, a Pennsylvania insurance corporation, on August 24, 1938, issued to the plaintiff, a resident of Allegheny County, its policy insuring his three Brockway motor trucks, against loss or damage from fire, theft, and collision to the amount of their actual cash value, for a total premium of $1,213.50. The policy described the automobiles as being used for commercial purposes only, and usually kept in a private garage in Pittsburgh, Pa.; but the insurance covered the above named perils while the automobiles were within the limits of the United States and Canada.

The defendant cancelled the policy shortly after it had been issued, promising a return of the full premium, but has refused to pay the return premium to the insured.

Plaintiff brought this action in Allegheny County to

recover the return premium due him, and had the writ served by the Sheriff of Philadelphia County where the principal office of the defendant is located, under the Act of April 24, 1857, P. L. 318, as amended by Act of May 13, 1889, P. L. 198 (40 P. S. §466a).

The defendant filed its petition, raising, as a question of jurisdiction, the right of the plaintiff to have the summons issuing out of the Court of Common Pleas of Allegheny County served upon it in Philadelphia County by the Sheriff of the latter county.

The court below was of opinion that the averment in the plaintiff's statement that the insurance was "for loss from fire, theft or collision in connection with the operation of certain trucks located in Allegheny County," was insufficient to support an action in Allegheny County, but gave him opportunity to amend his statement within 15 days by averring the location of the trucks to have been in Allegheny County as of the time of the accrual of the cause of action. The plaintiff thereupon amended the second paragraph of his statement of claim so as to read:

"The defendant on August 24, 1938 issued its policy No. AA-32467 in Pittsburgh, Allegheny County, covering Tony Infantino, trading as Infantino Transfer Company, for loss from fire, theft or collision in connection with the operation of certain trucks which were located in Allegheny County at the time the insurance was effected, and also at the time the cause of action arose upon cancellation of the policy."

The court, thereupon, discharged the defendant's rule to set aside the service of the summons and statement of claim.

Defendant appealed.

The appeal will be dismissed.

The Act of 1857,[1] supra, is entitled "An Act Relative

---

[1] While specifically repealed by the Insurance Company Law of

to Insurance Companies." It provides in section 1, "That in addition to the remedies now provided by law, it shall be lawful for any person ...... who may have a cause of action against any insurance company incorporated by the legislature of this commonwealth ...... to bring suit in any county where the property insured may be located, and to direct any process to the Sheriff of either of the counties of this commonwealth; ......"

The act is not limited in either its title or its body to *fire* insurance companies. It relates to insurance companies which insure 'property', and provides that action may be brought in the county "where the property insured may be located". We think this means, "where the property insured may be located *when the policy of insurance is issued*". If the policy contains ambulatory provisions, such as this one did, covering loss or damage to the trucks anywhere within the United States or Canada, and the trucks should be burned or stolen in any other county or state, action might still, under the Act of 1857, be brought in Allegheny County, Pennsylvania, where the trucks were located when the insurance was effected.

It is of no moment that there were no motor trucks in existence in 1857. Horses, carriages and wagons were in existence then and could be insured against loss by fire and theft away from home as well as at home; and the language is broad enough to cover any kind of property, movable as well as fixed.

In 1868 the legislature passed a supplemental act

May 17, 1921, P. L. 682, the Supreme Court held in *Mazurek v. Farmer's Mutual Fire Ins. Co.*, 320 Pa. 33, 181 A. 570, that it and its supplements of April 8, 1868, P. L. 70 and May 13, 1889, P. L. 198, remain in full force and effect by reason of their inclusion in the Insurance Company Law, supra, in section 344, which was declared unconstitutional in *Spector v. Northwestern F. & M. Ins. Co.*, 285 Pa. 464, 469, 132 A. 531. See also *Kolesar v. Slovak Evang. Union*, 122 Pa. Superior Ct. 318, 321-322, 186 A. 302.

(Act of April 8, 1868, P. L. 70) providing that all the provisions of the Act of April 24, 1857, "shall apply to life and accident insurance companies".

Life and accident insurance policies insure human beings, not property, and strictly speaking, they cannot be said to be 'located' anywhere; but the Supreme Court in *Quinn v. Fidelity Beneficial Assn.*, 100 Pa. 382, 12 W. N. C. 311, very properly and sensibly held that the legislative intent was to extend the provisions of the Act of 1857 so as "to authorize suits to be brought against life and accident insurance companies in the county where the person insured *resided,* where the subject of the risk insured against was domiciled or located", irrespective of where he might be when he was injured or killed by accident, or where he died. See also *Spangler (Appellant) v. The Penna. Mutual Aid Society,* 12 W. N. C. 312.

Livestock insurance companies generally insure against loss by fire and theft. Some question arose as to where action on such a policy might be brought under the Act of 1857. See, inter alia, *Beech v. Live-Stock Ins. Assn.,* 137 Pa. 617, an appeal from the Common Pleas of Westmoreland County, to No. 87 Nov. T. 1887. Perhaps to settle this dispute the legislature passed the Act of May 13, 1889, P. L. 198, (as an amendment to the Act of 1857) which, inter alia, added to it immediately after the words "to bring suit in any county where the property insured may be located", the words, "or in cases of live stock insurance, where the owner may reside"; thereby tending to show the legislative intent to establish the location of movable property, at the time the insurance is effected—which would generally be the residence or domicile of the owner—as the county in which action might be brought on such a policy under the Act of 1857.

In the present case the plaintiff's statement, as finally amended, avers that Allegheny County was the resi-

dence of the insured and that the property insured was located in Allegheny County when the insurance was effected and when it was cancelled and the cause of action arose. It is therefore clearly within the Act of 1857.

Appeal dismissed.