# Excelsior Saving Fund *v.* Cochran, Appellant.

*Mortgage—Service on owner—Defenses of owner—Scope of the Act of July 9, 1901, P. L. 614, amended by the Act of April 23, 1903, P. L. 261— Title to real estate.*

The Act of July 9, 1901, P. L. 614, is without reference to the jurisdiction of the courts, and is a regulation of service only.

The Act of July 9, 1901, P. L. 614, amended by the Act of April 23, 1903, P. L. 261, does not so widen the scope of the statutory proceedings by a scire facias for the enforcement of a mortgage debt that it may now be applied to determine questions of title to real estate. The proceeding remains just what it was before the act of 1901, a remedy for the collection of a debt; the judgment which follows, is not and cannot be made a lien upon any land not owned by the mortgagor. The reason which prevailed, before the act was passed, to give the terretenant the right to intervene and denied it to the owner, obtains as much now as then, notwithstanding both are made parties—the one may be prejudiced by the verdict, the other cannot.

On the trial of a scire facias sur mortgage where the case proceeds against the owner alone, the latter will not be permitted to prove title in himself to the premises described in the mortgage superior to, and wholly independent of, any that could be asserted for the mortgagor, and that in point of, fact the mortgagor was without any interest in the land that could be made the subject of lien.

Argued Feb. 11, 1908. Appeal, No. 358, Jan. T., 1908, by defendant, from judgment of C. P. Delaware Co., March T., 1905, No. 70, on verdict for plaintiff in case of Excelsior Saving Fund v. I. Engle Cochran, Jr., Mortgagor, and Lydia Gibbons, use owner. Before MITCHELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Scire facias sur mortgage. Before JOHNSON, P. J.

At the trial Lydia Gibbons made various offers of evidence to prove title in herself superior to that of the mortgagor. These offers were objected to and the objections were sustained, and exceptions allowed. [3–14]

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $8,335.19. Defendant appealed.

*Errors assigned* were (1, 2) in giving binding instructions

for plaintiff; (3–14) rulings on evidence, quoting the bill of exceptions.

*Jos. H. Hinkson*, for appellant.—There is a clear distinction between a terre-tenant and an owner.

A terre-tenant is one who has purchased the land mediately or immediately from the debtor while it was bound by the mortgage, while an owner is anyone who claims to own the land upon which an alleged mortgage was given : Mitchell v. Hamilton, 8 Pa. 486 ; Dengler v. Kiehner, 13 Pa. 38 ; Tyrone, etc., Ry. Co. v. Jones, 79 Pa. 60 ; Hulett v. Life Ins. Co., 114 Pa. 142 ; Buckby v. Sturtevant, 28 Pa. Superior Ct. 552 ; Cassel v. Menge, 14 Lanc. 73.

No one is a terre-tenant who is not a subsequent grantee in fee simple of the debtor in the mortgage : Mitchell v. Hamilton, 8 Pa. 486 ; Dengler v. Kiehner, 13 Pa. 38 ; Tyrone, etc., Ry. Co. v. Jones, 79 Pa. 60.

Appellant's position was that inasmuch as the act of 1901 made an " owner " a party to the sci. fa. sur mortgage proceedings and made him defend thereto, and that inasmuch as a sci. fa. sur mortgage is a proceeding in rem, the " owner " must make any defense he has at the trial of the sci. fa. or be forever barred from making a defense to the mortgage, or, in other words, he is in the same position as the " terre-tenant " was before the act of 1901—when made a party to the sci. fa. proceedings must make whatever defence he had upon the trial of the sci. fa. or be forever thereafter barred.

One will hardly doubt that if a terre-tenant has been served in the sci. fa. proceeding he is bound by the judgment and precluded from ever setting up his defense, but if authorities are needed the following are given : Nace v. Hollenback, 1 S. & R. 540 ; Blythe v. McClintic, 7 S. & R. 341 ; Himes v. Jacobs, 1 P. & W. 152 ; Stevens v. North Penna. Coal Co., 35 Pa. 265 ; Schnepf's Appeal, 47 Pa. 37 ; Hulett v. Mutual Life Ins. Co., 114 Pa. 142.

Since the act of 1901 it is certain that if the owner has been served in the sci. fa. proceeding he must make his defense at the trial of the sci. fa. or be forever barred : Buckby v. Sturtevant, 28 Pa. Superior Ct. 552 ; Kay v. Gray, 6 Lacka. Jurist. 202 ; Chase v. Brown, 22 Pa. C. C. Rep. 598.

*O. B. Dickinson,* with him *W. B. Harvey,* for appellee.— It is no defense to a mortgage that the mortgagor **had no** mortgageable interest in the title to the land.

The purchaser at sheriff's sale in foreclosure proceedings will take whatever interest, if any, the mortgagor had in the land and no more : Penna. Co. v. Beaumont, 190 Pa. 101 ; Faucett v. Harris, 185 Pa. 164.

OPINION BY MR. JUSTICE STEWART, April 20, 1908 :

This was an action of scire facias sur mortgage. The writ was directed not only against the mortgagor, but against Lydia Gibbons, the appellant here, as owner, and those occupying the premises under her, as terre-tenants, in conformity with the requirements of the Act of July 9, 1901, P. L. 614, amended by the Act of April 23, 1903, P. L. 261. Judgment by default having been taken against the mortgagor on two returns of nihil, the case was proceeded with to trial against the owner who, after filing an affidavit of defense, had pleaded regularly to the action. On the trial she sought to introduce by way of defense the several matters set out in her affidavit ; that is to say, she offered to prove title in herself to the premises described in the mortgage superior to and wholly independent of any that could be asserted for the mortgagor ; and that in point of fact the mortgagor was without any interest in the land that could be made the subject of lien. The several offers of evidence in support of this attempted defense were excluded, and the jury was instructed to return a verdict for the plaintiff. It is this action of the court that is here called in question. The contention on part of appellant is, that having been made a party to the action as owner in accordance with the requirements of the act of July 9, 1901, she not only had the right to set up her superior title as a defense to the action, but that she was bound to do so or be concluded with respect to it by the verdict. If correct in this, then concededly the effect of the act of July 9, 1901, is to make what was before a statutory proceeding, intended exclusively for the collection of a mortgage debt, a partial substitute at least for the common-law action of ejectment for the determination of questions of title.

We might very well rest our conclusion with respect to the

question here involved, on the case of Park Bros. & Co. v. Oil City Boiler Works, 204 Pa. 453—a case which seems to have been overlooked upon the argument—where, speaking by the present chief justice, we held that the act of July 9, 1901, was without reference to the jurisdiction of the courts, and was a regulation of service only. Since, however, the present controversy arises over a different clause in the act than that there considered, a further expression of view seems to be called for.

Just what the legislative purpose was in requiring that the owner of the mortgaged premises be made a party defendant in a proceeding of this kind, may not be readily apparent; nor is it necessary to inquire, since we are all of one mind that whatever that purpose was, what is here contended for by the appellant does not fall within it. One sufficient reason for this view is, that the statutory proceeding for the foreclosure of a mortgage is wholly inappropriate to and inadequate for the determination of questions of title, except as we import into it those provisions which relate exclusively to the action of ejectment; and for this no warrant can be found in the act. Had it been the purpose to enlarge the scope and effect of the proceeding by scire facias, so as to make it accomplish what before could only be reached through an action of ejectment, certainly provision would have been made for adapting it to the end proposed. Another entirely satisfactory reason, is to be found in the fact that the only purpose expressed in the act is " to furnish a complete and exclusive system in itself relative to the service of all such writs." This appears in the tenth section of the act. Whether this does or does not express the whole and only purpose, with this much expressed, and the reference being to a change in practice and procedure not nearly so radical and violent as would be the change here contended for, it is only reasonable to conclude, from the fact that there is no expression of purpose to make the latter change, that no such change was intended. Other reasons might readily be suggested, but we deem these quite sufficient for the determination of the question presented. All that we here decide is that the act of July 9, 1901, as amended, does not so widen the scope of the statutory proceeding by scire facias for the enforcement of a mortgage debt that it may now be applied to determine questions of title to real estate. As the law stood

before the passage of the act in question, no prejudice could result to an owner with respect to his title, from a verdict for the plaintiff in such proceeding.    No more can it now.    The proceeding remains just what it was, a remedy for the collection of a debt; the judgment which follows is not and cannot be made a lien upon any land not owned by the mortgagor. The reason which prevailed, before the act was passed, to give the terre-tenant the right to intervene and denied it to the owner, obtains as much now as then, notwithstanding both are made parties—the one may be prejudiced by the verdict, the other cannot.

Our conclusions with respect to this, the main question in the case, necessarily disposes of all the assignments of error.

The judgment is affirmed.