## Hudock, Commander of Squadron One, Pennsylvania State Police, v. Lattavo Brothers, Inc.

*Storey, Bailey & Rupp*, for defendant.

RICHARDS, P. J., May 7, 1953.—This is a declaratory judgment proceeding. The pleadings consist of the petition and answer, the latter admitting all the averments of the petition. No testimony was offered either in the form of a stipulation or otherwise. Consequently the case presents a pure question of law.

Defendant is engaged in interstate trucking. Plaintiff is an officer of the State Police force charged with the duty of enforcing The Vehicle Code of this Commonwealth in the western part of the State. Defendant instituted an action against plaintiff in the United States District Court for the Western District of Pennsylvania, in effect asking that court to enjoin plaintiff from enforcing certain sections of the Pennsylvania Vehicle Code against it, on the ground that they were unconstitutional as applied to an interstate carrier. In the course of that case, defendant raised before the three-judge court the question of the constitutionality of section 409(b). That court stayed its proceedings pending determination by a State court of the constitutionality of certain pertinent sections of The Vehicle Code. Thereupon the present action was instituted, plaintiff being represented by the Attorney General.

It has been held that when the constitutionality of a State act, or sections thereof, have not been passed upon

by the State courts, that the three-judge Federal district court should stay proceedings involving such issues for a reasonable time to afford the parties an opportunity to obtain a State construction. Thus in Shipman et al. v. DuPre et al., 339 U. S. 321, it was said:

"Appellants sought a declaratory judgment that certain sections of the South Carolina statute regulating the fisheries and shrimping industry were unconstitutional, and interlocutory and permanent injunctions restraining the state officials from carrying out these provisions. The statutory three-judge District Court assumed jurisdiction, decided the issues on the merits, and dismissed the complaint. 88 F. Supp. 482. From the papers submitted on appeal, it does not appear that the statutory sections in question have as yet been construed by the state courts. We are therefore of the opinion that the District Court erred in disposing of the complaint on the merits. See American Federation of Labor v. Watson, 327 U. S. 582, 595-599.

"The judgment of the District Court is vacated and the cause is remanded to that court with direction to retain jurisdiction of the complaint for a reasonable time, to afford appellants an opportunty to obtain, by appropriate proceedings, a construction by the state court of the statutory provisions involved."

See also American Federation of Labor et al. v. Watson, Attorney General et al., 327 U. S. 582, 595, 599, therein referred to.

It has likewise been held that the State construction is conclusive: Allen-Bradley Local, etc., v. Wisconsin Employment Relations Board et al., 315 U. S. 740, 747.

This is precisely what was done in the present instance.

The fundamental dispute between the parties hereto relates to the weight limitations imposed upon commercial vehicles by The Vehicle Code, particularly as applied to an interstate carrier. However, the proceeding

before us does not raise this question. We are asked to determine the severability of section 409(b), and whether or not a holding that this section is unconstitutional would affect the validity or constitutionality of the remaining portions of the Act and its amendments.

So far as here relevant, section 2 of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §832, provides as follows:

"Any person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder."

It has been held, however, that resort may not be had to a declaratory judgment proceeding where another statutory remedy is available. See Taylor v. Haverford Township, 299 Pa. 402, 406. The driver of a truck arrested for overweight may appeal, but the owner cannot. Weight limitations and constitutional problems affect the rights of the owner. He is seeking to clarify these rights in the Federal court. This proceeding is related thereto. Hence, we conclude that the present proceeding is within the scope of a declaratory judgment action.

The Vehicle Code as originally enacted in 1929, P. L. 905, did not contain section 409(b) or any other section with like provisions. Sec. 409(b) was passed as an amendment of 1937, P. L. 2329, 75 PS §99(b). It deals with reciprocal agreements with reference to weight restrictions and such matters. It reads as follows:

"(b) The secretary shall also have the authority to make agreements with the duly authorized representatives of other states, exempting the residents of such other states using the highways of this Commonwealth from compliance with any or all of the provisions of Article eight and Article nine of this act, with such

restrictions, conditions, and privileges, or lack of them, as he may deem advisable, providing that all vehicles owned by non-residents shall conspicuously display a registration plate, and comply with all the provisions of the laws of the state of residence of their owner relating to equipment of vehicles, and that residents of this Commonwealth, when using the highways of such other state, shall receive exemptions of a similar kind to a like degree."

We wish to make it clear that we have not been asked in the petition for a declaratory judgment to hold this section to be unconstitutional. We are asked to determine only its severability, assuming it to be unconstitutional, and to determine the effect of possible unconstitutionality upon the remainder of the act as amended.

The original Act of May 1, 1929, P. L. 905, and the amending act of June 29, 1937, P. L. 2329, contain identical sections relating to severability. See section 105 of the 1929 Act, and section 20 of the 1937 Act. The identical provisions read as follows:

"Section 105. Constitutional Construction. — The provisions of this act are severable, and, if any provision thereof is held to be unconstitutional, the decision so holding shall not be construed as affecting or impairing any other provision of this act or the act as a whole. It is hereby declared as the legislative intent that this act would have been adopted had such unconstitutional provision not been included therein."

The Act of June 27, 1939, P. L. 1135, further amended section 409, but not as to subsection (b). The 1939 Act contained no severability clause.

In addition, the Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 55, 46 PS §555, provides as follows:

"The provisions of every law shall be severable. If any provision of a law is found by a court of record to

be unconstitutional and void, the remaining provisions of the law shall, nevertheless, remain valid, unless the court finds the valid provisions of the law are so essentially and inseparably connected with, and so depend upon, the void provision, that it cannot be presumed the Legislature would have enacted the remaining valid provisions without the void one; or unless the court finds the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent."

With these provisons in mind, we shall turn now to some of the pertinent decisions dealing with severability. In Electric Bond & Share Co. et al. v. Securities and Exchange Commission, 303 U. S. 419, 434, Mr. Chief Justice Hughes, speaking for the Supreme Court said:

"This provision reverses the presumption of inseparability—that the legislature intended the Act to be effective as an entirety or not at all. Congress has established the opposite presumption of divisibility. Williams v. Standard Oil Co., 278 U. S. 235, 242; Utah Power & Light Co. v. Pfost, 286 U. S. 165, 184; Champlin Refining Co. v. Corporation Commission, 286 U. S. 210, 235. Congress has thus said that the statute is not an integreted whole, which as such must be sustained or held invalid. On the contrary, when validity is in question, divisibity and not integration is the guiding principle. Invalid parts are to be excised and the remainder enforced. When we are seeking to ascertain the congressional purpose, we must give heed to this explicit declaration.

"(2) It is evident that the provisions of §§4(a) and 5 are not so interwoven with the other provisions of the Act that there is any inherent or practical difficulty in the separation and independent enforcement of the former while reserving all questions as to the validity of the latter. . . ."

In Reitz v. Mealey, 34 F. Supp. 532, 535, Judge Learned Hand stated the law to be:

"However, we need not pass on the constitutionality of either of the amendments, for it is well settled in New York, as elsewhere, that a statute itself constitutional, is not affected by an unconstitutional amendment; the amendment is brutum fulmen and drops out as though never passed. . . . This doctrine is really no more than an instance of another doctrine, which happens to be especially favored in New York, that a statute will survive the excision of unconstitutional parts, unless it is apparent that the legislature would not have enacted it with the invalid parts out of it. . . ."

This was affirmed in 314 U. S. 33. On page 38, Mr. Justice Roberts used the following language:

"The court was of the view that if the amendments are invalid, as inconsistent with §17 of the Bankruptcy Act, they are severable, and that the statute may stand as a complete act without them, since, under the law of New York, a statute, in itself constitutional, is not affected by an unconstitutional amendment; the amendment dropping out and the original act remaining in force. Decisions of the highest court of the State are cited to this effect."

In our own Supreme Court, Mr. Justice Maxey held, in Mazurek v. Farmers Mutual Fire Insurance Company, Jamestown, 320 Pa. 33, 37:

"Where a subsequent statute which would, if valid, act as a repeal of a prior statute only by implication, i.e., because its terms are contradictory of the provisions of the earlier enactment, is itself unconstitutional, it must be obvious that the earlier act remains in full force and effect. This follows inevitably from the fact that in the eyes of the law it never came into existence. Never having come into existence, it could have no effect. The rule that an unconstitutional enactment

will not by mere implication repeal a preëxistent valid law is well established: Frost v. Corporation Commission, 278 U. S. 515; The People v. Mensching, 187 N. Y. 8, and cases there cited. Nor does the fact that the later invalid statute contains a clause repealing all prior inconsistent legislation work a change in the result. . . ."

From the authorities we are compelled to reach the conclusion that section 409(b) of the 1937 amendment is severable. We, accordingly, enter the following

### Order

And now, to wit, May 7, 1953, section 409(b) of the Act of 1937, supra, even though unconstitutional, is severable from the remaining portions of The Vehicle Code and its amendments; the unconstitutionality thereof would in nowise affect the validity or constitutionality of other portions, and there is no showing of any inseparability between section 409(b) and other sections of the act relating to weight limitations.