## McCombs v. Commonwealth Mutual Ins. Co. of Penna.

*Charles J. Conturso*, for plaintiff.

*Frederick E. Smith*, for defendant.

MONROE, J., January 25, 1963.—At all times pertinent hereto plaintiff has been a resident of Levittown, in this county, and defendant, an insurance company, has been registered to do business in Pennsylvania, having its principal office in the City of Philadelphia, and having no office or place of business in Bucks County. Defendant issued a policy of insurance covering plaintiff's truck-tractor against collision damage. While the policy of insurance was in force the truck-tractor was involved in a collision in New York State and was severely damaged, for which defendant has refused to pay. Hence this suit in this county, deputized service of the complaint having been made by the sheriff of Philadelphia County on defendant at its principal place of business and registered office therein. At the time the insurance was written, the tractor-trailer was located in Bucks County. At the time of the institution of this suit it was located in the State of New Jersey.

A copy of the insurance policy was not attached to the complaint, although the complaint averred that it was, and neither the original policy nor a copy thereof was produced for our examination. However, at argument, counsel for both parties agreed that the policy contains a provision to the effect that the insured property will be garaged in Levittown, Pennsylvania, which is in this county.

Defendant has filed preliminary objections in the nature of a petition questioning the jurisdiction of this court. The oral arguments of counsel for the respective parties and their briefs have limited the issue before us to a determination of whether venue lies in this county by virtue of Pa. R. C. P. 2179(b)(2) which provides:

"(b) An action upon a policy of insurance against an insurance company, association or exchange, either incorporated or organized in Pennsylvania or doing business in this Commonwealth may be brought

"(2) in the county where the insured property is located;".

In Infantino v. Quaker City Fire & Marine Insurance Co., 155 Pa. Superior Ct. 71 (1944), defendant insured plaintiff's trucks against fire, theft and collision, occurring while the vehicles were in the United States and Canada. Defendant later cancelled the insurance. Plaintiff brought suit against defendant in Allegheny County to recover the return premiums due. him and deputized service was made on defendant by the sheriff of Philadelphia County, where the principal office of defendant was located. Plaintiff's trucks were located in Allegheny County at the time the insurance was effected and also at the time the policies were cancelled. Where they were at the time suit was instituted does not appear. Defendant unsuccessfully challenged the jurisdiction of the Allegheny County courts. The Act of April 24, 1857, P. L. 318, sec. 1, 40 PS §466(a), which was controlling in that case, provided that actions against insurance companies which insured property may be brought in the county "where the property insured may be located". This means, said the Superior Court, "where the property insured may be located when the policy of insurance is issued."

Referring to the decisions under the Act of 1857, Goodrich-Amram, in its comments to Rule 2179(b)

(2), 3 Standard Pa. Prac., Procedural Rules Service, pp. 59 and 60, states:

". . . The decisions will support the broad rule that the venue may be laid in the county where the property is located when the risk is written and also in the county where it is located at the time of loss. . . .

"Rule 2179 (b) uses the same language as the Act of 1857 and these decisions will be authoritative in construing the extent of the venue under the Rule".

In Hopewell v. Washington Mutual Fire Insurance Company, 25 Northumb. 181 (1953), the policy of insurance provided that the insured vehicle would be principally garaged in Northumberland County. It was damaged while in New York State. The complaint did not allege its location at the time the insurance was written. Leave was granted to plaintiff to amend the complaint to allege that the vehicle was located in Northumberland County when the insurance was written, the court, in effect, holding that venue may be laid in the county where the property is located when the risk is written.

In Majchrowski v. State Mercantile Mutual Fire Ins. Co., 41 Erie 10 (1957), the vehicle covered by the collision insurance policy was situate in Erie County when the insurance was written. Its location at the time of damage and at the time of the institution of the action on the policy does not appear. The policy, exhibit A to the complaint, provided that the vehicle insured will be garaged in Erie, Pennsylvania. Deputized service was made upon the defendant at its office in Allegheny County. Said the court (p. 12) :

". . . It is plaintiff's view that the complaint, Exhibit "A" expressly establishes that the vehicle insured will be garaged in Erie, Pennsylvania, and that this conclusively establishes venue under Rule 2179, supra. We are in accord with plaintiff's view. The complaint sufficiently identifies the cause of action, the status of

the parties and the location of the article insured to justify the bringing of the action in Erie County. We are of opinion that the venue has properly been laid".

The Act of 1857 was suspended by Pa. R. C. P. 2200. We cannot accept defendant's argument that thereby the Infantino case, supra, lost its authoritative effect. Nor has the statement in 4 Anderson Pa. Civ. Pract. page 369, referring to the rule here under consideration ("... If the rule was not intended to refer to the time when suit is brought, it would have been preferable to employ a past tense"), with which P. L. Encyc., Vol. 19, page 322, Insurance, §416, appears to agree, persuaded us that venue may not be in the county where the insured property is located when the policy is written. And we are not persuaded that by employing the words "is located" in the rule instead of "may be located", which were in the Act of 1857, the Supreme Court intended to repudiate the interpretation made in the Infantino case and thereby abolish the benefit to holders of insurance policies granted by the previous legislation.

"When the words of a rule are not explicit, the intention of the Supreme Court may be ascertained by considering, among other matters . . . (5) the prior practice, if any, including other rules and acts of Assembly upon the same or similar subjects; (6) the consequences of a particular interpretation; . . .": Pa. R. C. P. 127(c)

The rules require that they be liberally construed.

It is our opinion that venue in this action is in this county. We accordingly enter the following:

### Order

And now, to wit, January 25, 1963, defendant's preliminary objections are overruled. Defendant is granted 20 days within which to file an answer to the complaint.